DANN et al. v. PALMER et al.

(Supreme Court, Appellate Division, Fourth Department.  May 1, 1912.)

1. TRIAL (§ 392*)—FINDINGS—SUBMISSION—STATUTES.

Code Civ. Proc. § 1023, provides that before a cause is finally submitted to the court or within such time afterwards, and before the report is rendered as the court allows, the attorney for either party may present in writing a statement of the facts which he deems established by the evidence and the rulings on questions of law which he desires the court to make, and that, before the time when the decision or report is rendered, the court shall note in the margin of the statement, the manner in which each proposition has been disposed of, and must file or return to the attorney the statement thus noted. *Held,* that where a case was submitted to the judge for decision in March, 1909, on oral arguments and briefs, without any suggestion that any party would thereafter submit a request to find facts or to rule on questions of law, and no suggestion to that effect was made until after the judge had delivered his opinion, a provision at the close thereof that "findings may be submitted" should be construed to refer to a formal decision, and did not authorize the filing thereafter of proposed findings of fact and law under such section.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

2. TRIAL (§ 392*)—DECISION—SUGGESTIONS BY COUNSEL.

The practice of the trial judge to receive proposed findings or suggestions from attorneys for the respective parties to aid him in putting in a formal decision what he had already decided, is independent of Code Civ. Proc. § 1023, relating to the proposed formal request to find facts or law, and is independent thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

3. TRIAL (§ 392*)—DECISION—RECONSIDERATION.

A trial judge, after delivering his opinion, may reconsider his conclusions and revise his decision or make an entirely different one at any time before he has made the formal decision as required by Code Civ. Proc. §§ 1010, 1022, and to that end may permit submission of requests to find as provided by section 1023.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

4. TRIAL (§ 393*)—DETERMINATION—FINDINGS OF FACT AND LAW.

Code Civ. Proc. § 1023, authorizes the filing of proposed findings of fact and law for action of the judge before decision, requiring such proposed findings to be in the form of distinct propositions of law or fact or both, separately stated, each to be numbered and so prepared with respect to its length and the subject and phraseology as may be convenient to pass on. *Held,* that where proposed findings of fact and law filed were 127 in number, many of them being mere recitals of the evidence and others covered by the formal decision, they were improper, and the court properly refused to pass on them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 920–923; Dec. Dig. § 393.*]

5. APPEAL AND ERROR (§ 1012*)—JUDGMENT—REVIEW.

Where a judgment is against the weight of the evidence, that question may be reviewed by the Appellate Division, and, if any of the findings are without evidence to sustain them, they may be excepted to as a ruling on a question of law as authorized by Code Civ. Proc. §§ 992, 993, and are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reviewable on appeal both in the Appellate Division and in the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

McLennan, P. J., and Foote J., dissenting.

Appeal from Special Term, Onondaga County.

Action by Edward H. Dann and others, as executors of the will of Eva L. Harrison, deceased, and others, against Manning C. Palmer and others and Albert P. Fowler, as receiver of the American Exchange National Bank of Syracuse. From an order of the Supreme Court denying the application and motion of defendant, Charles M. Crouse and others, and motion made by them to have the court pass on certain proposed findings of fact and law under Code Civ. Proc. § 1023, they appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Levi S. Chapman, of Syracuse, for appellant Charles M. Crouse.

Jerome L. Cheney, of Syracuse, for appellants Sager, Gowing, and Cheney.

T. E. Hancock, of Syracuse, for appellants Theodore E. Hancock and Charles E. Crouse.

Charles P. Ryan, of Syracuse, for respondents.

KRUSE, J. [1] After the trial judge had handed down his opinion, deciding the case in favor of the plaintiffs, but before he had signed his formal decision, the defendants submitted to the trial judge proposed findings of fact and law (as they are designated), upon which the judge declined to pass further than as found in his formal decision, upon the ground that they were not submitted to him until after he had decided the issues and delivered his opinion to counsel. After the formal decision had been signed, application was made at Special Term, at which the same judge presided who decided the case, to have him pass upon the proposed findings. The application was denied, and from the order entered upon that decision this appeal is taken.

The case was submitted to the judge for decision in March, 1909, upon oral arguments and briefs, without any suggestion that any party would thereafter submit to him requests to find facts or to rule upon questions of law; nor was any such suggestion made until after the judge had delivered his opinion, as has been stated. The defendants contend that the proposed findings were submitted under the provisions of section 1023 of the Code of Civil Procedure, and were timely submitted. That contention seems to rest upon a statement at the close of the opinion, stating that findings may be submitted, and what occurred thereafter. But the judge seems not to have so understood that statement. What the judge seems to have had in mind was not to reopen the case to permit requests to find to be submitted, but to receive such suggestions from the attorneys for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the respective parties as might aid him in putting into a formal de-
cision what he had already decided.

[2] That practice was in vogue long before the enactment of the
present Code of Civil Procedure, and has been resorted to more or
less by trial judges since the enactment of section 1023 in its present
form, and is entirely independent of the course of procedure provided
by that section.

The purpose of submitting requests under section 1023 is not only
to protect the rights of parties upon appeal, but as well to aid the
trial judge in determining the case. The opinion shows that the judge
had considered the questions of fact as well as law, and had reached
a conclusion thereon. His opinion is a very full and complete state-
ment of the facts found and an elaborate discussion of the law, and
directs the judgment to be entered, although it is not a formal deci-
sion.

[3] Undoubtedly the judge had the right, after delivering his opin-
ion, to reconsider his conclusions and revise his decision or make an
entirely different one at any time before he had made the formal de-
cision, as required by the Code of Civil Procedure (sections 1010,
1022), and to that end to permit requests to find to be submitted un-
der section 1023. But, as I have stated, it does not seem to me that
that was the purpose of the judge.

[4] Furthermore, that section requires the statement to be in the
form of distinct propositions of law or of fact or both, separately
stated, each to be numbered and so prepared with respect to its length
and the subject and phraseology thereof that it may be conveniently
passed upon. Its purpose is to aid the judge, and not to entrap him.
Of the 127 proposed findings, 67 are denominated "Findings of Fact,"
and 60 "Law." Many of them are mere recitals of the evidence,
others are covered by the formal decision, and the statement, as a
whole, I think, is not such as the section contemplates.

[5] If the judgment is against the weight of the evidence, that may
be reviewed in this court, and, if any of the findings are without any
evidence to support them, they may be excepted to as a ruling upon
a question of law (Code of Civil Procedure, §§ 992, 993), and are
reviewable upon appeal in the Court of Appeals as well as in this
court. If the defendants desired to submit requests to find, they
should have done so seasonably. They made no case relieving them
from their default, and no relief was asked upon that ground. They
contended, and still contend, that the requests were seasonably made
and in proper form. I think that position is not tenable.

The order should be affirmed, with $10 costs and disbursements.

SPRING and ROBSON, JJ., concur.

FOOTE, J. (dissenting). This action was tried at Special Term.
The justice presiding wrote an opinion in which he stated at length
his views of disputed questions of fact and the law of the case. At
the conclusion of his written opinion is the following: "Findings may
be submitted." Defendants' counsel had not submitted proposed find-

ings, nor had their time to do so been extended; hence, their right
to do so was gone, unless the presiding justice should thereafter and
before his formal decision allow them to be submitted as authorized
by section 1023 of the Code. The memorandum at the end of his
opinion, "Findings may be submitted," was a direction to plaintiffs'
counsel to submit findings in accordance with the opinion. It did not
authorize or allow defendants' counsel to submit proposed findings to
be ruled upon in accordance with section 1023 of the Code. Plain-
tiffs' counsel prepared findings and gave notice of their presentation
to the justice for settlement, with a motion for an extra allowance
of costs, on the 18th of November. At this time, after the motion
for extra allowance of costs was heard and disposed of, the moving
affidavits state:

"That thereupon the question of findings were brought up by said respective
attorneys who were appearing.  *  *  *  The counsel stated to the court that
sufficient time had not been had by the attorneys for the various defendants
liable for judgment under said opinion in which to examine the proposed find-
ings and opinion, and that the said defendants desired an additional one
week's time to examine said findings, and if deemed necessary to present ad-
ditional findings themselves and that it was thereupon agreed between the
court and said counsel that an adjournment should be taken for one week
until Saturday, November 25, 1911, at the same time and place, for the pur-
pose of settling the findings in said action."

This clearly was not an allowance by the trial justice of further
time within which defendants might submit proposed findings and
rulings to be passed upon by the trial judge under section 1023 of the
Code. The trial justice might well have understood that defendants'
counsel wished further time to examine the findings submitted for
plaintiffs, with a view to criticising their form or sufficiency or sug-
gesting changes or additions. It would seem, however, that defend-
ants' counsel were, or soon became, of opinion that either because of
what had been said at this hearing or of the statement in reference
to findings at the end of the court's written opinion they were to be
allowed to submit proposed findings to be formally ruled upon by
the presiding justice. Accordingly, they applied to the justice for
further time in which to submit their proposed findings, and the mov-
ing affidavits state that on the 24th of November they appeared before
the said justice and explained to him "the necessity of additional
time in which to prepare proposed findings of fact and of law in said
action in behalf of said defendants," and that said justice granted
the application for an adjournment of two weeks until December 9th
at the Special Term on that day "for the purpose of presenting pro-
posed findings," and that said justice ordered "that copies of said
proposed findings should be served on the plaintiffs' attorneys not
later than Wednesday, December 6, 1911." Thereupon defendants'
counsel prepared proposed findings, which they served upon plain-
tiffs' counsel on December 6th. On December 8th, at the request of
plaintiffs' counsel, and because he had not had sufficient time to ex-
amine defendants' proposed findings, the hearing in reference to find-
ings was further adjourned to December 16th by agreement of coun-

sel, and a letter written by one of defendants' counsel to said justice in which it was stated:

"We served our proposed findings or request for findings upon Wilson, Cobb & Ryan, Wednesday, agreeable to your order, but Mr. Ryan has found himself so occupied with other matters that he will not be able to look them over in time for Saturday, and I have agreed with him that the matter may go over until a week from Saturday. Trusting that this will be agreeable to you, I am, Yours truly."

On December 16th counsel for the respective parties appeared before said justice, and each submitted their proposed findings, and an argument was had in reference thereto. So far as appears from the motion papers, no claim was made by plaintiffs' counsel that defendants' time within which to submit proposed findings had expired, nor did the trial justice state or intimate that he would not allow defendants' proposed findings to be then submitted for his rulings thereon. Accordingly, both sets of findings were left with the trial justice, apparently with the impression on the part of counsel on both sides that defendants were regular in their practice, and that rulings would be made upon their proposed findings. Up to this time, no decision of the case had been made such as the court is required to make by section 1022 of the Code. The written opinion of the trial judge was not such a decision. The case still remained under the control of the trial justice, and, notwithstanding his written opinion, he was at perfect liberty to make the formal findings and decision in such form as seemed to him then to be proper, even if inconsistent with or adverse to the views stated in his opinion.

There is no substantial controversy as to the facts above stated. The affidavit of one of plaintiffs' attorneys was read in opposition to the motion, in which it is stated:

"No findings or requests to find or statement of fact or rulings of the defendants before the cause was finally submitted as aforesaid or before the decision was rendered; nor was the time of any defendant to submit such findings, requests to find, statement or rulings ever extended. That the case was decided on or about the 31st day of October, 1911."

There is no denial in this affidavit of the specific facts contained in the moving affidavits as to what took place before the trial justice and between counsel. Hence I conclude that the statement above quoted is the statement of the opinion or conclusion of the affiant that the facts stated in the moving affidavits do not constitute an extension of the time of any defendant to submit requests to find and that the opinion delivered October 31st is a decision. In this view I do not concur. The trial justice received the proposed findings of each party on the 16th of December, retaining them in his possession until on or about the 7th of January, 1912, when he delivered to plaintiffs' attorneys the findings which they had prepared, duly signed by him, and to defendants' attorneys the proposed findings which they had submitted, without having ruled upon any of them, and with the following indorsement:

"The foregoing requests to find were not submitted to me until after I had decided the issues in the cause and delivered my opinion to the counsel. I

therefore decline to pass upon these requests and to find further in the action than as I have found in my formal decision. Dated January 6, 1912."

This indicates, I think, that the learned justice considered that he was without authority to pass upon defendants' proposed findings, that his written opinion which had been made and delivered to counsel on October 31st was a decision of the cause within the meaning of section 1023 of the Code, which provides:

"Before the cause is finally submitted to the court or the referee or within such time afterwards, and before the decision or report is rendered, as the court or referee allows, the attorney for either party may submit, in writing, a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law, which he desires the court or the referee to make."

I think the decision referred to in this section is the formal decision required to be made by section 1022, which "must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll." And, assuming that to be so, it was within the right of the trial justice on the 19th of December to permit defendants to submit their proposed findings to be ruled upon by him. His receipt of these findings submitted for that purpose in the presence of opposing counsel, who did not object, together with what had already occurred, I think gave defendants the right to have these findings ruled upon, or such of them as were in proper form for that purpose. I think also a motion at a term presided over by the same justice was a proper and appropriate method of bringing the question up for examination and decision. No doubt, where a judge is in the attitude of refusing absolutely to perform a judicial duty, mandamus is the proper remedy but here the learned justice was laboring under what I think was an erroneous impression that the time within which he might properly and lawfully act upon these findings had expired. The motion below presents that question in form to be examined and reviewed and there was no occasion to resort to the more drastic remedy of mandamus.

The order appealed from should be reversed and the defendants' proposed findings should be resubmitted to the trial justice for his rulings thereon with $10 costs and disbursements to the appellants.

McLENNAN, P. J., concurs.