HYDRAULIC POWER COMPANY OF NIAGARA FALLS, Respondent, *v.* PETTEBONE-CATARACT PAPER COMPANY, Appellant.

HYDRAULIC POWER COMPANY OF NIAGARA FALLS, Respondent, *v.* CATARACT CITY MILLING COMPANY, Appellant.

Fourth Department, January 21, 1921.

**Trial — power of court to make additional findings or rule on questions of law after decision.**

After the trial judge has rendered his decision he is without power to pass upon or make additional findings of fact or rule upon questions of law.

APPEAL by the defendant, Pettebone-Cataract Paper Company, in the first action, and by the defendant, Cataract City Milling Company, in the second action, from orders of the Supreme Court, entered in the office of the clerk of the county of Niagara on the 21st day of October, 1920, denying defendants' motions for orders directing that the proposed findings

of fact and conclusions of law annexed to said motions be acted upon by Mr. Justice WHEELER, and that when so acted upon the same be made a part of the record in the actions.

*Storrs & Storrs* [*Louis E. Marshall* of counsel], for the appellants.

*Cohn, Chorman & Franchot* [*Edward E. Franchot* of counsel], for the respondent.

KRUSE, P. J.:

After the trial judge had made his decision in writing the defendants requested him to make additional findings of fact and rule upon questions of law, which the judge declined to do. Thereupon a motion was made at Special Term to have that done. The motion came on for hearing before a judge other than the one who decided the case and it was transferred to a Special Term, at which the trial judge presided. The motion was denied upon the ground that the trial judge was then without authority to pass upon the requests, and also in the exercise of judicial discretion if such power then existed.

While I think the failure to timely submit the requests was excusable, and that the defendants could be relieved from such inadvertence and mistake, under the provisions of the Code of Civil Procedure (§§ 721, 724), if the judge had authority to then pass upon the requests, I am of opinion that after a trial judge has rendered his decision he is without power to pass upon or make additional findings of fact or rule upon questions of law. The only authority for submitting such requests is contained in section 1023 of the Code of Civil Procedure, and that section provides that it may be done before the case is finally submitted, or within such time afterwards, and before the decision or report is rendered, as the court or referee allows. Before this section became the law it had been the practice, where a trial judge or a referee failed to pass upon material questions of fact and law, to send the case back for him to pass upon such questions or resettle his report or decision. (*Van Slyke* v. *Hyatt,* 46 N. Y. 259; *Potter* v. *Carpenter,* 71 id. 74.)

Under the general rules of the Supreme Court a party was permitted to present proposed findings of fact upon the settle-

ment of the case, and the judge or referee was required to pass upon them, but that practice was superseded by the provisions of section 1023 of the Code of Civil Procedure. (*Gormerly* v. *McGlynn*, 84 N. Y. 284.)

Under the present practice a party may submit proposed findings of fact, also require rulings to be made upon questions of law, but such requests must be submitted before the decision is rendered. Broadly speaking, the submission of such requests is a part of the trial, and the procedure analogous to requests for submitting specific questions to a jury and ruling upon requests to charge embodying questions of law.

After a decision has been rendered no substantial change can be made by the trial judge or referee in his report or decision, neither in the findings of fact, nor in the conclusions of law and direction for judgment. (*Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 425, 439; *Herpe* v. *Herpe*, 225 id. 327.)

The conclusion here reached is supported by former decisions and reasoning in the opinions of the appellate courts. (*Gormerly* v. *McGlynn*, 84 N. Y. 284; *Palmer* v. *Phenix Ins. Co.*, 22 Hun, 224; *Gardiner* v. *Schwab*, 34 id. 582; *Sisson* v. *Cummings*, 35 id. 22; *Dann* v. *Palmer*, 151 App. Div. 151; 206 N. Y. 678.)

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

All concur.

In the first case: Order affirmed, with ten dollars costs and disbursements, upon the ground that the trial judge was without authority to pass upon the requests.

In the second case: Order affirmed, with ten dollars costs and disbursements, upon the ground that the trial judge was without authority to pass upon the requests.