MADELINE M. McCALL, Plaintiff, *v.* JOHN A. McCALL, Defendant.

Supreme Court, Monroe County, March 11, 1927.

Trial — requests to find — action for divorce — application to file requests after decree entered granted under Civil Practice Act, § 105 — findings thereon must not be inconsistent with findings and decree previously entered.

In this action for divorce the defendant, who has failed to file requests to find before entry of the decree, may, under section 105 of the Civil Practice Act and in the discretion of the court, be permitted to so file *nunc pro tunc* in the interest of justice. But while the trial justice may pass upon said requests, his findings thereon cannot vary or be inconsistent with the findings and decree previously made and entered.

MOTION by defendant to file requests to find after decree entered.

*Herbert B. Thomas* [*Eugene Van Voorhis* of counsel], for the motion.

*John J. McInerney*, opposed.

RODENBECK, J. This motion is one to permit the defendant to present requests to find, after entry of a decree, which the counsel for the defendant omitted to present before the decree was entered. It is contended by the plaintiff that there is no authority to correct the omission and that the findings and decree being silent on the issues covered by the proposed findings, the defendant is limited on appeal to those presented by the findings made. The answer raises an issue as to the validity of the marriage of the parties and sets up a counterclaim charging the plaintiff with adultery with six different men named in the pleading and "with several other men" upon all of which the findings and decree are silent. The question of permitting the presentation of defendant's requests and securing rulings by the trial justice is a substantial one, particularly because of the nature of the action and the interest of the public in such cases.

The reliance of plaintiff in opposing the motion is based upon the case of *Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.* (194 App. Div. 819), but that case was decided under provisions of the Code of Civil Procedure which have since been repealed, and other provisions substituted in their place; so that the decision of this motion under the present practice is a new proposition.

If there was one thing that the Board of Statutory Consolidation had in mind in suggesting its proposed revision of the practice, it was to simplify and liberalize it. The simplification consisted in removing substantive matter from the practice provisions, reducing the fundamental features of the procedure to statutory form, and leaving the revised details to be regulated by rules of court. The liberalization embraced the reduction of the practice, so far as practicable, to general terms and the elimination of technical errors, defects, omissions, and irregularities. This plan was not adopted by the joint legislative committee, but, instead of a thorough reform, the committee rearranged the Code of Civil Procedure, incorporating such reforms suggested by the Board as appealed to it and among these were provisions relating to defects, irregularities and omissions in proceedings.

The Board took a lesson from the practice of other jurisdictions and emphasized the necessity for disregarding any mistake, irregularity, omission or defect which did not affect a substantial right. In the first report, the Civil Practice Act contained this section: " In the interest of justice, at any stage of the case, a mistake, irregularity or defect in any of the proceedings in an action or proceeding which does not affect a substantial right of a party shall be disregarded." (Report of Board of Statutory Consolidation on the Simplification of the Civil Practice, 1915, vol. 1, p. 18, § 10.)

And one of the proposed Civil Practice Rules contained this language with a little more detail, and added: " and shall be supplied upon such terms as justice requires." (Id. p. 37, § 16.)

The note of the board upon this rule says that " The text is intended to cover every possible mistake, defect, irregularity, omission, imperfection, matter or thing that does not affect a substantial right and that can be corrected without injustice." (Id. p. 248.)

The later report of the Board contains a similar provision in the Civil Practice Act (Id. 1919, p. 10) showing a clear purpose on the part of the Board of repealing the various provisions in the Code of Civil Procedure on this subject and substituting general provisions broad enough to vest authority in the courts to repair any defect, irregularity, mistake or omission, so long as they do not affect a substantial right.

The joint legislative committee emphasized in its report that it had recommended several new sections which " would be a great step in the liberalization of practice and would obviate many of the technicalities of the existing practice " (Report of Joint Legislative Committee, 1919, pp. 42, 107); and these sections were

incorporated in the new Civil Practice Act with other sections taken in part from the Code of Civil Procedure.

Among these provisions designed to obviate technical defects, irregularities, mistakes and omissions is one which is stronger and broader than any in the Code of Civil Procedure and which applies especially to the question involved on this motion. It provides that, " At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." (Civ. Prac. Act, § 105.)

No more general language could be framed, and in view of the agitation for a more liberal practice in this respect than that which existed under the Code of Civil Procedure, it should be given full effect, so long as a substantial right is not thereby affected.

The decision of this motion then, the power existing, comes down to the question as to whether or not in the interest of justice it ought to be granted. " The policy of the courts is * * * to look with tolerance upon errors and defects in pleading and practice if they may be rectified without affecting substantial rights of litigants. (Civ. Prac. Act, § 105.) " (*Allen* v. *Fink*, 211 App. Div. 411.) To begin with the case is a matrimonial action in which there is a general interest. But, aside from that consideration, the filing of requests with the trial justice is a right which the defendant can exercise as of course. (Civ. Prac. Act, § 439.) It is not dependent upon any concession of his adversary. The only trouble here is that he did not file his requests in time. It is no more substantial a matter than other omissions against which, in the interest of justice, relief may be granted, such as the failure to answer or reply which entitles a party to a judgment by default. Here the defendant has defaulted in the filing of his requests (Civ. Prac. Act, § 439) and a decree has been entered which does not enable him to review all the issues in the case. In the interest of justice, especially in a case of this kind, he should be permitted to do so. If the plaintiff had been guilty of adultery neither party would be entitled to a decree so that it becomes important to have the trial justice specifically pass upon the charges made in the counterclaim. (*Kelsey* v. *Kelsey*, 237 N. Y. 520.) Opening his default and referring the requests to the trial justice does not alter the decision in any way. The justice would not have the power to do so if inclined to. (*Herpe* v. *Herpe*, 225 N. Y. 323.) The decree and findings made must stand but the

9

justice may mark the requests so long as he does nothing inconsistent with the existing findings and decree. Such being the case, the granting of defendant's motion is a mere matter of form not affecting any substantial right of plaintiff but merely enabling the defendant to review all the issues in the case, which, surely, will be in the interest of justice, the end and purpose of the law.

Motion granted upon payment of ten dollars costs of motion.