REDONDO STEAMSHIP COMPANY, INC., Respondent, v. IRVING BANK-COLUMBIA TRUST COMPANY and Another, Defendants, Impleaded with KERR STEAMSHIP CO., INC., and Another, Appellants.

Second Department, November 11, 1927.

**Trial — decision — motion to serve proposed findings of fact and conclusions of law after decision rendered is granted under Civil Practice Act, § 105.**

Under section 105 of the Civil Practice Act, defendants may be permitted to file proposed findings of fact and conclusions of law *nunc pro tunc*, subject to the rule that while the trial justice may pass upon said requests, his findings thereon cannot vary or be inconsistent with the findings and decree previously made and entered, where it appears that there was some misunderstanding on the part of defendants' attorneys who relied upon the usual practice by counsel to await the handing down by a trial justice of a memorandum of his decision before the filing of proposed findings of fact and conclusions of law.

HAGARTY, J., dissents, with memorandum.

APPEAL by the defendants, Kerr Steamship Co., Inc., and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 27th day of June, 1927, denying their motion to vacate and set aside the judgment and decision herein and to grant them time to serve and submit proposed findings of fact and conclusions of law.

Motion by the appellants for an extension of time within which to perfect appeal.

*Elkan Turk* [*Benjamin Wiener* and *Herman Goldman* with him on the brief], for the appellants.

*Edward H. Wilson* [*John J. Kean* with him on the brief], for the respondent.

YOUNG, J. The action was tried on June 1 and 2, 1927, and it is alleged by the attorney for the receiver, in his affidavit in support of the motion, that the court allowed counsel until the following Monday, June sixth, to file briefs; that he received no notice or information of any kind that the court had reached any

determination and no announcement appeared in the *New York Law Journal;* that his first intimation as to the decision of the case came through a telephone call on Saturday, June 18, 1927, between eleven-thirty and twelve o'clock, to the effect that plaintiff's counsel was endeavoring to collect the judgment from the defendant bank and threatening execution unless the money was immediately paid; that the decision and judgment were never served upon him and he had no notice of settlement thereof.

On the other hand, it is alleged by the plaintiff's attorney that the cause was finally submitted to the court according to its instructions given at the end of the trial on June 6, 1927, and at that time the plaintiff submitted its proposed judgment and decision, and when the case was decided and judgment and decision were signed, he entered the judgment; that no time was allowed by the court for the submission of findings other than the direction above stated that the cause should be submitted on June sixth.

The receiver's attorney, in a replying affidavit, controverts this statement of plaintiff's attorney and alleges that his recollection of what occurred at the end of the trial was that he had already submitted to the court his trial memorandum, and when the evidence was concluded, plaintiff's counsel and counsel for the indemnity insurance company asked for time in which to submit briefs and the court fixed the following Monday, June 6, 1927, but stated that it already had the receiver's brief and would require nothing further from him; that nothing was said upon the trial, either by the court or counsel, as to a final submission or as to the time for submitting findings of fact and conclusions of law.

It is quite true, as urged by appellants, that it is the usual practice by counsel to await the handing down by the trial justice of a memorandum of his decision. It was formerly held, under section 1023 of the Code of Civil Procedure (now Civ. Prac. Act, § 439), that the trial court has no power to pass upon or make additional findings after the formal decision has been rendered. (*Hydraulic Power Co.* v. *Pettebone-Cataract P. Co.,* 194 App. Div. 819.)

The case last cited, however, has been distinguished in *McCall* v. *McCall* (129 Misc. 127), in that the former was decided under the Code of Civil Procedure, and it was held that, in an action for divorce, the defendant who had failed to file requests to find before entry of the decree might, under the broad provision of section 105 of the Civil Practice Act, and in the discretion of the court, be permitted to so file, *nunc pro tunc,* in the interests of justice, but that, while the trial justice might pass upon said requests, his findings thereon could not vary or be inconsistent with the findings and decree previously made and entered.

Section 105 (*supra*) provides that " At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

I think we should approve the ruling made in the case last cited. There is no good reason, in my opinion, why the appellants should be deprived of the benefit of the rulings by the trial justice upon their proposed findings and conclusions simply because they followed an ordinary and usual practice and awaited the memorandum of the decision by the trial justice before submitting such proposed findings, with the result that the formal decision and judgment were entered before the submission of their proposed findings and conclusions.

The order should be modified so as to grant them this relief. It is, of course, unnecessary to vacate the judgment and decision already made.

RICH, KAPPER and LAZANSKY, JJ., concur; HAGARTY, J., dissents, with the following memorandum:

HAGARTY, J. (dissenting).   I am of opinion that it is now beyond the power of the trial court to make any change in its findings of fact or conclusions of law.   It has been held that a trial court may not " after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, for, by· so doing, the substantial rights of the adverse party would be really affected." (*Bohlen* v. *Metropolitan Elev. R. Co.,* 121 N. Y. 546; *Smith* v. *Smith,* 121 App. Div. 480; *Heinitz* v. *Darmstadt,* 140 id. 252; *Hydraulic Power Co.* v. *Pettebone-Cataract P. Co.,* 194 id. 819.)   I am of opinion that this rule of law has not been changed by the provisions of section 105 of the Civil Practice Act.   The order appealed from should be reversed, with ten dollars costs and disbursements to appellants, and the motion to vacate the judgment and decision granted, to enable the trial court to rule upon the various requests of the parties hereto and to make findings of fact and rulings upon questions of law.

Order modified so as to grant appellants' motion to permit them to submit proposed findings of fact and conclusions of law to the trial justice and have the same passed upon by him, *nunc pro tunc,* as of the date of the decision herein.   As so modified, the order is affirmed, without costs.   Motion for extension of time to perfect appeal granted and case set down for argument on Monday, December 5, 1927.