BERMAN BUILDING CORPORATION, Appellant, v. JACOB RAFFERTY and Others, Defendants. RUDOLPH BLUMENTHAL and Others, Respondents.— Judgment reversed upon the law and the facts, with costs, as to the two defendants Blumenthal and the two defendants Zion, and judgment directed for plaintiff foreclosing its mechanic's lien against the interests of said defendants in the amount fixed at Special Term, with costs. The evidence herein established the active consent of these defendants to the doing of the work upon their property by the plaintiff, and, therefore, plaintiff's lien attached under Lien Law, section 3.▮ (*National Wall Paper Co.* v. *Sire,* 163 N. Y. 122.) *Rice* v. *Culver* (172 id. 60) does not bar such a holding under the facts herein. The agreement with respect to the alleged collateral contained an enforcible provision which conditioned the agreement in this respect upon the continued existence of the statutory lien in favor of the plaintiff. This provision bars any assertion by the defendant owners of waiver of the statutory lien on the part of the plaintiff. The authorities in *Firth* v. *Rehfeldt* (30 App. Div. 326) recognized the right to condition arrangements with respect to collateral upon the reserving in the contractor the benefits of the statutory lien. The statutory lien may only be deemed to have been constructively abandoned when the collateral consists of an inconsistent security and the agreement therefor is without any condition or reservation respecting the statutory lien. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in accordance herewith. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.

WILLIAM CHOLST, Respondent, v. JACOB BOSHNACK, Appellant.— Order dismissing counterclaim and permitting defendant to plead over affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

RAY H. COHEN, Respondent, v. HARRY COHEN, Appellant.— Order striking out separate defense in answer affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Seeger, Carswell and Scudder, JJ., concur; Kapper, J., dissents with following memorandum: Our policy declares the marriage in question incestuous and void.▮ The defense asserts that fact and alleges that the parties, residents of this State, sought to avoid our law by marrying in another State where such a marriage is not denounced. It may be avoided here, in my opinion, when it is sought, as in this case, to claim full marital rights in New York.

CHARLES D'AGOSTINO, Respondent, v. WOODBINE HOLDING CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. The findings of fact, particularly the 8th finding, proceed upon the theory of an affirmative false representation with respect to the rents. These findings have support in the evidence and take precedence over anything stated in the oral opinion of the court in so far as there be any conflict. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.