In the Matter of ARTHUR SCHOENLANK, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a review, brought on by petitioner, of a determination of the respondents made February 18, 1944, which suspended his license to practice medicine for two years. There was competent proof of all facts which were necessary to be proved to authorize the determination. There was ample evidence to sustain it and it should be confirmed, without costs. Determination confirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIGMUND HALGAS, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from order dismissing writ of habeas corpus. Order affirmed, without costs. All concur.

WILLIAM BECHARD et al., Respondents, v. ELIZABETH K. LEWIS et al., as Executors of EDWARD H. KELLY, Deceased, Appellants.— Appeal from an order of a Special Term entered in the Clinton County clerk's office on April 15, 1943, denying defendants' motion to open a deficiency judgment in a mortgage foreclosure action and to cancel the judgment of record. On March 28, 1941, plaintiffs entered a judgment against defendants for $1,118.68 representing the deficiency shown by the referee's report of sale in a mortgage foreclosure action. A motion had been made to confirm the referee's report and for a deficiency. This motion was opposed and the defendants asked that evidence be taken as to the market value of the property at the time of sale. The Special Term confirmed the report of sale and granted the motion for deficiency judgment for the deficiency shown in the report. This disposition by the Special Term was in accordance with *National City Bank* v. *Gelfert* (284 N. Y. 13). No appeal was taken from this judgment. On April 28, 1941, the United States Supreme Court reversed *National City Bank* v. *Gelfert* (*supra*). (See *Gelfert* v. *National City Bank*, 313 U. S. 221.) Defendants then moved to open the deficiency judgment and this appeal arises from the denial of such motion. No reason is shown for vacating the deficiency judgment other than the alleged mistake of law. This ground, however, does not warrant the vacating of the judgment by which the rights of the parties had become fixed and determined. The Special Term had no authority to vacate its judgment once made, because of an error of law. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Bohlen* v. *M. E. R. Co. et al.*, 121 N. Y. 546; *Heath* v. *N. Y. B. L. B. Co.*, 146 N. Y. 260; *People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316.) Order affirmed, without costs. Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., concurs for affirmance upon the authority of "The Nature of the Judicial Process" by CARDOZO (p. 147); *Greene* v. *Royal Arcanum* (206 N. Y. 591); *Royal Arcanum* v. *Greene* (237 U. S. 531); *Evans* v. *Supreme Council, Royal Arcanum* (223 N. Y. 497); Brewster, J., taking no part.