SAMUEL D. WHITE, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28304.)

Court of Claims, February 24, 1947.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn of counsel), for defendant.*

No appearance for claimant.

LAMBIASE, J. This is a motion for an order dismissing the claim herein on the grounds (a) that claimant does not have legal capacity to institute or prosecute the said claim against the State of New York; (b) that this court does not have jurisdiction to hear or determine the said claim; (c) that the said claim fails to state facts sufficient to constitute a cause of action against the State of New York; and for such other and further relief as to this court may appear just and proper in the premises.

After claimant had been served with the moving papers herein and before the return day of said motion, the claimant by a written notice dated January 13, 1947, directed to and served by mail upon John J. Clark, Esq., clerk of this court, and upon Honorable Nathaniel L. Goldstein, Attorney-General of the State of New York, stated that he was withdrawing his claim herein, being claim No. 28304, said withdrawal to take effect at once. By a letter dated January 13, 1947, addressed to the clerk of this court and by him received by mail, claimant stated, among other things: " So I'll withdraw my claim till my parole is finished." And in a letter dated January 13, 1947 addressed

to Broome County Judge, Binghamton, New York, received by Honorable DANIEL J. McAvoy, County Judge of said county, claimant, after discussing the matter of his claim, states: "So I withdraw my claim. I'll have to wait until after October 7th when my parole is finished." Lastly, on January 17, 1947, claimant again wrote Judge McAvoy and stated among other things as follows: "I filed a claim in the Court of Claims, and the Attorney General filed a notice of motion, to be held in the Broome County Courthouse in the City of Binghamton on the 21st day of January, 1947.

"Please hand the letter I mailed to you over to the Court on the 21st." Claimant was referring to the letter of January 13, 1947, sent by him to Judge McAvoy, reference to which we have just made. Both these letters were turned over to this court before the argument of the motion on January 21, 1947, in Binghamton and were before it when the motion was argued.

On January 21, 1947, the return day of said motion, the same was duly brought on and argued, the State appearing by Honorable Nathaniel L. Goldstein, Attorney-General of the State of New York, Donald C. Glenn, Esq., Assistant Attorney-General of counsel, and the defendant not appearing either in person or by attorney. After hearing Donald C. Glenn, Esq., Assistant Attorney-General of counsel, for the State in favor of the motion, and upon the withdrawal of the claim as filed herein by the claimant, this court denied the State's motion to dismiss, and directed that an order be made and entered allowing claimant to withdraw his claim No. 28304 as requested by him.

In view of the fact that claimant had not appeared in person or by attorney, this court thereafter directed its clerk to notify claimant by mail of the disposition made of said motion, and to advise him of his right to enter an order to that effect. That letter was duly sent to the claimant. The Attorney-General, having waited, at the suggestion of this court, a few days to give claimant an opportunity to present his order, then presented an order for the signature of this court embodying the determination made on January 21, 1947. Claimant has not submitted an order for signature at any time.

On January 30, 1947, by a letter dated that day addressed to this court at Binghamton, New York, to Mr. John J. Clark, clerk of this court, and to Mr. Donald C. Glenn, Assistant Attorney-General, and received by mail, the claimant, among other things, wrote:

" Re: S. D. White v. State
Claim No. 28304

" Sirs: Please cancel my withdrawal on the above claim. Please allow same to be brough before the next term, Elmira — June Court."

Claimant's letter of January 30, 1947, in this court's opinion, cannot be considered either as a motion for leave to renew, or for a reargument or rehearing of the motion. Claimant's papers filed herein are and the procedure he has employed has been most informal, occasioned undoubtedly by the fact that he has not appeared by counsel in the matter. This court has weighed this fact also. However, if it were to consider claimant's said letter as either an application for leave to renew, or for reargument, or rehearing of the motion, it would still have to deny the same, for: (a) A motion for reargument being addressed to the discretion of the court (*Holmes* v. *Rogers,* 50 Hun 600, opinion in 2 N. Y. S. 501), it has been held that: " As a general rule leave to reargue will be granted where it appears that there is some decision or some principle of law which would have a controlling effect and which has been overlooked, or that there has been a misapprehension of fact, but not otherwise " (*Klipstein & Co.* v. *Marchmedt,* 39 Misc. 794); and (b) it is well settled that a motion for leave to renew should be made on affidavit, which affidavit should recite the general facts as to the disposition of the previous motion and also show the additional pertinent facts which were omitted from the original papers and why they were omitted. (*Riggs* v. *Pursell,* 74 N. Y. 370, 379.) Obviously no such showing has been made herein by the claimant.

This court has given this matter much consideration, and it cannot see how it would be justified in disturbing its previous determination made on January 21, 1947. As was said in *Belmont* v. *Erie Railway Co.* (52 Barb. 637, 642): " * * * so that mere litigiousness should not be encouraged or permitted, the practice of the courts, has been established to be that after a motion has once been fully heard and decided, it should not be revived again, except upon leave of the court first had and obtained, or unless a different state of facts arose subsequently to the first determination."

This court accordingly has signed the order submitted by the Attorney-General embodying its determination arrived at on January 21, 1947.