Matthew M. Levy, J.
The defendants, by letter, have informally requested leave to reargue certain of the factual issues disposed of in my decision and opinion after trial. These issues centered around the accepted legal propositions that — since the plaintiffs had failed to show that they had made demand upon the corporation to institute an action to recover for the misuse and waste of corporate funds and assets by and for the personal benefit of Shahmoon, the corporation’s principal officer, and since the plaintiffs had also failed to show that the board of directors would default in its duty to act properly if appropriate demand therefor had been made — my determination to direct an accounting as to such matters was erroneous.
The defendants’ request for reargument is denied both because of lack of power in the court and absence of merit in the application.
(1) It is known, of course, that a motion to reargue is addressed to the discretion of the court: ‘ ‘ Whatever can be done upon motion to the court, may by the court, upon further motion, be altered, modified or wholly undone ” (Belmont v. Erie Ry. Co., 52 Barb. 637, 651; White v. State of New York, 188 Misc. 530, 533).
But the defendants have overlooked the well-established principle that the rule is different with respect to a judicial disposition made at nisi prius after a nonjury trial. While a judgment which has been irregularly obtained may be vacated on motion (Kamp v. Kamp, 59 N. Y. 212, 215-218) and although a court may correct clerical errors when a decision on the merits has been rendered after trial, the court is without power to make a different determination (Herpe v. Herpe, 225 N. Y. 323, 327; Corr v. Hoffman, 256 N. Y. 254, 267-268; Miltenberg & Samton v. Falkingham, 273 App. Div. 631; Saleh v. Karp, 13 A D 2d 706, 707; cf., in unusual circumstances, People ex rel. Poivers v. Jackson, 14 A D 2d 974).
(2) I have, nevertheless, re-examined the voluminous record on this trial to consider the application on the merits.
On that score, there is no dispute that demand was not made, and it is urged by the defendants that there was no proof of the claimed domination by Shahmoon of the board, and, indeed, that I had expressly found that there was no such governing influence. The applicants are in error in both respects.
The defendants quote from my decision in part, and, in so doing, misquote the intent thereof. For example, the defendants quote from my opinion Sorin v. Shahmoon Inds. (30 Misc 2d 408), *37 as follows: “ the plaintiffs have failed, in their attempt to prove that * * * the hoard of directors of the company was dominated and controlled hy Shahmoon to such an extent that the other members of the hoard were mere dummies and tools in his hand * * * there has been no proof of improper control over fellow officers and directors to the detriment of the company ” (emphasis as in defendants’ letter). But these findings were made by me in respect of two entirely different issues, and neither referred to the certain matters as to which I directed an accounting.
The first statement quoted was culled from the second paragraph of my opinion (supra, p. 417) and was made solely in reference to the granting of the stock option to Shahmoon and other executives (see the discussion starting on top of page 417 and ending with the last full paragraph on page 417). The last statement of the quotation appears in the opinion three pages later, in the final sentence of the second paragraph of page 420, and was made solely in reference to the change of the corporate name from Warren Foundry & Pipe Corp. to Shahmoon Industries, Inc. (see the last four words in that paragraph which plainly so state).
Lack of domination by Shahmoon as to these individual matters does not mean an absence of subservience by the directors in respect of others. The record shows that the cash expenditures made by Shahmoon and the services used by him for his personal benefit were not isolated and incidental items, but were repeated and continuous. The amounts involved were not insignificant but substantial.* These may be deemed minor as compared to other issues in the case (see 30 Misc 2d 408, 424-425), but they were not so insignificant in amount as to warrant their being easily overlooked by a board sensitive to its responsibilities as such. They indicated, in all their collective phases, a pattern which a watchful director — cognizant of his fiduciary duties — would have inquired about or put a stop to. Only a subservient board would have permitted the procedures as to these matters, established by Shahmoon, to be adopted and followed without objection, off and on the corporate record.
In view of the consensual waiver by the parties of specific findings of fact and conclusions of law by the court (Civ. Prac. Act, §§ 439-440), I did not, of course, purport, in my opinion after trial, to make a separate express finding as to each and every *38 one of the multitudinous facts proved. Implicit in my holding that there should be an accounting as to the matters here involved, is a finding of the fact that the directors were in this respect trucklingly subordinate to Shahmoon. I am convinced that a demand upon the board of directors to sue Shahmoon for an accounting or reimbursement would have been entirely useless, and therefore such demand need not have been made (Sage v. Culver, 147 N. Y. 241, 246; O’Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 52; Loew v. Interlake Iron Corp., 270 App. Div. 858).

 One single type of expenditures alone amounted to $41,871.58 covering the years 1954 through 1958 in the respective sums of $7,712.09, $5,109.44, $12,787.50, $14,952.70 and $1,309.85, all as more fully set forth in the opinion filed April 12, 1961.