Matthew M. Levy, J.
In my earlier opinion in these cases, I said — in respect of certain household furniture and furnishings purchased by the plaintiff husband — “ [n] othing in the record warrants the conclusion, as claimed by the defendant [wife], that plaintiff made a gift to her of the property ”, and, citing Plohn v. Plohn, 1 A D 2d 824 (which modified and affirmed the trial court in 206 Misc. 969), that the law is “ now clear, even here, that, absent affirmative proof of a different intent, household property obtained [by either spouse] for the general use, comfort and benefit of both husband and wife, is deemed to be the property of both of them ”, and that, since I found that “ [n]o credible evidence has been presented in the instant case that the parties had any specific intent as to the ownership of such household property ”, I held “ that the defendant, by virtue of her status as the plaintiff’s wife, is entitled to share equally with him in the use and enjoyment of the household furniture and furnishings And I directed that “ [i]f the parties are unable to arrive at a satisfactory and amicable division of such properties, the judgment to be submitted herein may provide for their sale and an equal division between the parties of the proceeds thereof.” (Tausik v. Tausik, 38 Misc 2d 11, 20.)
Since the rendition of my opinion, and after my passing upon the findings of fact and conclusions of law proposed by the respective parties — but before the signing of decisions or judgments therein — I held a conference with counsel for the purpose of endeavoring to obtain a consensual division of the household furniture and furnishings, as I had suggested in my opinion. In the meanwhile, Rosenstiel v. Rosenstiel was decided by the Appellate Division (17 A D 2d 106), and, at the conference, I brought that case to the attention of counsel.
I recognize that the Appellate Division, in its recent opinion, expressed views which may be deemed to be in disagreement with my determination in the cases at bar. But it is first worthy of note that Bosenstiel was solely a replevin action and that it arose on the pleadings alone, while the instant cases involved a separation action, an action to recover damages including counterclaims therefor, and a suit contesting the title to and the right to the use of the property, and that they were determined jointly after trial. It is also important to point out that the Appellate Division said, in the Bosenstiel opinion, that “ the issue may always be tendered of the wife’s original title or one *26 based on a gift made expressly or tacitly, or of an intentional abandonment of the property by the husband (see 15 N. Y. Jur., Domestic Relations, §§ 221, 222). And, too, defendant wife has remedies based on the duty to support which are appropriate in a matrimonial action. ’’
My efforts to achieve the amicable disposition suggested were fruitless, but in the light of the Rosenstiel decision the defendants have sought leave to present further and substitute findings and conclusions. No counter-proposed findings and conclusions were submitted by the plaintiff and no objection (general or specific) has been noted by the plaintiff to those now submitted by the defendants.* Nevertheless, a question arose in my mind as to a probable issue of power and that question — looked into on my own — has now been answered to my satisfaction by the established authorities on the subject.
It is not necessary for me to resolve here whether a decision reformulating the law in another litigation warrants reconsideration of a final order or judgment made prior to the rendition of such decision (see Sears Roebuck & Co. v. 9 Ave.-31 St. Corp., 274 N. Y. 388, 401; Bechard v. Lewis, 268 App. Div. 807; People ex rel. Powers v. Jackson, 14 A D 2d 974; Wohl v. Avon Electrical Supplies, 55 N. Y. S. 2d 252, 255), or to come to a conclusion as to whether that point turns on the critical element of power as distinguished from judicial discretion and the practical necessity in the administration of the judicial process of calling a halt to further proceedings when the specific litigation has ended. For, in the instant cases, no such situation exists. The matters in litigation before me have not become finis; they are still sub judice. Until a formal “ decision ” has been rendered as that term is used in the statute (Civ. Prac. Act, § 440), the suits certainly have not been disposed of (cf. Blau v. Audjill Real Estate Corp., 190 N .Y. S. 2d 961, 962).
In Hydraulic Power Co. v. Pettebone-Cataract Paper Co. (194 App. Div. 819), the court held, at page 820, that, after the “ judge has rendered his decision he is without power to pass upon or make additional findings of fact or rule upon questions of law.” And, at page 821, the court said that, “ [a]fter a decision has been rendered no substantial change can be made by the trial judge or referee in his report or decision, neither in the findings of fact, nor in the conclusions of law and direction for judgment.” *27 (Emphasis supplied.) In Dann v. Palmer (151 App. Div. 151) the court said, at pages 153-154: ‘ ‘ Undoubtedly the judge had the right, after delivering his opinion, to reconsider his conclusions and revise his decision, or make an entirely different one, at any time before he had made the formal decision as required by the Code of Civil Procedure (§§ 1010,1022), and to that end to permit requests to find to be submitted under section 1023.” (Emphasis supplied.) (See, also, Morton v. State of New York, 9 Misc 2d 674, 675.)
The status of the litigation here involved is not like that which was before me in Sorin v. Shahmoon Industries (36 Misc 2d 35), for the opinion I rendered in the cases at bar had not been stipulated by the parties to be accepted as the court’s decision in pursuance of the requirements of the statute. (Civ. Prac. Act, §§ 439, 440, formerly Code Civ. Pro., §§ 1022,1023). Therefore, no ‘ ‘ decision ’ ’ has yet been rendered herein, and I deem myself free to make such other or further findings and come to such other or further conclusions as the facts, the law and justice warrant.
The burden has not, in actuality, been as strenuous as at first it appeared, for, at this juncture, I point out that, if there is any conflict between opinion and findings, the latter govern (D’Agostino v. Woodbine Holding Corp., 227 App. Div. 630). And, in respect of the factual matter of the alleged absence of any intent of the parties as to title and use when the husband purchased the household furniture and furnishings, it should be recognized that my opinion — to the effect that the husband did not make a gift of the property to the wife — was worded in the light of her contention that she was expressly given full title to the chattels and that they belonged to her exclusively.
However, in respect of the mutual rights of the parties, based upon the intent of the husband at the times of their purchase by him, the following should be noted in the findings of fact heretofore made by me:
Defendant’s finding No. 14. “ At the time of her marriage to plaintiff, defendant had a rent-controlled apartment at 141 East 56th Street, Manhattan, New York City, with her own furniture therein. (188,189)”.* (Action for damages.)
Defendant’s finding No. 15. “Following such marriage, defendant, at plaintiff’s suggestion, disposed of said apartment and the furniture therein contained. (899, 900) ”. (Action for damages. )
*28 Defendant’s finding No. 17. “ That since her marriage to plaintiff, defendant has, out of her own funds, contributed towards the maintenance of the household.” (Action for declaratory judgment.)
Defendant’s finding No. 9. “ At the time of said marriage, and from time to time thereafter, plaintiff promised defendant that he would obtain another apartment, away from 301 East 21st Street, Manhattan, New York City, as their home and that he would furnish a new home for her. (1045, 1110, 873, 876) (Action for declaratory judgment.)
Defendant’s finding No. 7. “From time to time thereafter plaintiff sought another and more desirable apartment as the marital home and on August 27, 1958 he entered into an agreement to purchase cooperative apartment 3-E at the Dorchester, 110 East 57th Street, Manhattan, New York City, and acquired the same on October 24th, 1958. (177, 370, 374, 440, 441, 460, 873, 876, 878, Plff’s Exh. 4) ”. (Action for damages.)
Defendant’s finding No. 43. “ At the time of the acquisition of the said cooperative apartment, the same was furnished with furniture and furnishings of a reasonable value of $16,441.09 and for which plaintiff paid the sum of $9000.00 (776, Deft’s Exh. V) (Action for damages.)
Plaintiff’s finding No. 19. “ That the plaintiff and defendant took possession of the said apartment and of the furniture and furnishings in or about November 17th, 1958, and the plaintiff and the defendant established their matrimonial home therein (40, 14; 631) ”. (Action for declaratory judgment.)
Plaintiff’s finding No. 18. “ That plaintiff, while in England [in April, 1959], purchased from Thomas Goods & Go., of London, Ltd., one set of Minton china dinnerware, together with a cream jug and covered sugar box, with instructions to ship same to the Dorchester at 110 East 57th Street, and the same were thereafter shipped and received at the Dorchester, 110 East 57th Street, for the plaintiff and the defendant. (Pltf’s Exh. 6-7; 38) ”. (Action for declaratory judgment.)
Defendant’s finding No. 25. “ Plaintiff is not the sole owner and is not the only one entitled to the use and enjoyment of said furniture and furnishings.” (Action for damages.)
Defendant’s finding No. 52. “ To date no judgment has been made by any Court relieving plaintiff of his obligation to support and maintain the defendant and to furnish her with a home and plaintiff’s obligation so to do continues ”. (Action for damages.)
Defendant’s finding No. 91. “ Plaintiff has at no time been relieved of his obligation to support defendant and to furnish her with a home in keeping with his financial condition and the living *29 standards established by him, and in conformity with his status and station in life, and such obligation continues (Action for damages.)
Defendant’s finding No. 95. “ Defendant was entitled to be furnished by plaintiff, at his sole cost, with a suitable apartment in keeping with his financial condition and living standards of the parties ”. (Action for damages.)
And, to carry out my thoughts further, as thus expressed, it will be noted that I had refused to make the following findings of fact as proposed by the plaintiff:
79. “ That prior to the marriage, plaintiff made no promises or representations as to his supporting her or furnishing her with a home for the rest of her life ”. (In the separation action.)
41. “ That the defendant, Helen Tuck Tausik, did not show any indicia of ownership or right to the said furniture, furnishings and works of art in the said apartment ”. (In the declaratory judgment action.)
55. “ That plaintiff is the absolute and sole owner of all the furniture and furnishings in the cooperative apartment 3-E at premises 110 East 57th Street ”. (In the damages action.)*
With such findings in mind as already having been made, I see no need to make the drastic changes proposed by the defendant except perhaps the conclusions should make it clear that the issues of title and use are disposed of on the facts as well as on the law. Accordingly, I have passed upon the new findings of fact and conclusions of law submitted by the defendant and those approved may be incorporated in the decisions herein.

 Objection was heretofore raised by the plaintiff to the integration in the overall decisions of the findings and conclusions previously approved by me. But the decisions thus proposed merely incorporated such findings and conclusions, and no new ones, This objection is plainly meritless,

 These numbers denote pages of the transcript of the minutes of the trial.

 I have not quoted all the applicable findings made or refused in the three actions, but I have set forth enough to present the point.