The Berkey & Gay Furniture Company *v.* Hascall.

No. 14,286.

THE BERKEY & GAY FURNITURE COMPANY *v.* HASCALL.

CONTRACT.—*Breach of.*—*Failure to Deliver Furniture to Hotel Keeper at Specified Time.*—*Measure of Damages.*—Where a furniture company contracts with a hotel keeper to sell and deliver to him articles of furniture necessary to furnish rooms, and to set them up ready for use, by a day named, but fails to perform its contract till long after the time fixed whereby the rooms remain unfurnished and valueless as hotel apartments, the keeper of the hotel, in an action by the company for the price of the furniture, is entitled to recover on a counter-claim the difference in value to him in the rooms furnished and unfurnished for the time they remained unfurnished by reason of the company's failure to comply with its contract.

VERDICT.—*Improper Judgment upon.*—*Exceptions.*—If the judgment does not follow the verdict, or is not such a judgment as the party is entitled to have rendered upon the verdict, to present any question as to the amount or form of the judgment it is necessary to make a motion to modify the judgment, and properly reserve exceptions in case the motion is overruled.

From the Elkhart Circuit Court.

*J. M. Van Fleet, W. H. Vesey* and *C. W. Miller*, for appellant.

*H. D. Wilson* and *W. J. Davis*, for appellee.

OLDS, J.—This was an action by the appellant against the appellee to recover a balance of $374.62 for goods sold and delivered.

The answer is in three paragraphs, setting up a counter-claim.

It is alleged in the first paragraph that, on August 26th, 1881, the appellee had just completed his hotel, with fifty rooms, and was in need of new furniture therefor, without which he could not carry on his business, as appellant well knew; that on said day, for the purpose of furnishing said hotel in all its parts with suitable furniture, the appellant agreed with him to furnish said furniture, and every part

thereof complete, and set it up in proper shape and condition in his hotel rooms ready for use by September 15th, 1881 ; that said rooms were irregular and different in size, dimensions and construction, and for the purpose of making said furniture suitable for said rooms, appellant measured said rooms, and a list of goods was agreed upon, and at the foot thereof appellant executed a memorandum in writing as follows :

" We agree to put these goods all in good order (set up in hotel without charge except freight and cartage), castored, with bracket wood-wheels on all beds. All bureaus and wash-stands to have good wood-wheels on rubber castors. Goods to be ready the 15th of September. Any goods not according to order, or not satisfactory, may be returned free of charge. BERKEY & GAY FURNITURE Co.

" GOSHEN, Aug. 26th, 1881. T. M. MOSELEY."

The paragraph then alleges that he was ready, able and willing to comply with his part of said contract, but that appellant, with full knowledge of all the facts, violated said agreement, in this, to wit, it failed to deliver any of said goods prior to September 30th, 1881, whereby he lost the daily use of twenty-nine rooms, of the rental value of two dollars per day for each room from September 15th to September 30th ; that appellant failed to deliver said goods prior to January 18th, 1882, except as set forth in the complaint; that said furniture was purchased to be delivered in sets and suits for specific rooms and places, as set forth in said foregoing memorandum, but the articles so delivered were not in sets or suits, but in disjointed and mismatched pieces, and were not and could not be properly set up or used until all were delivered, by reason of which he lost the daily rental value and use of twenty of said rooms, worth to defendant two dollars each per day from October 1st, 1881, to January 18th, 1882, inclusive ; that because of such failure he was compelled to turn away, and did turn away, twenty persons each day, who desired to become guests at said hotel, whereby

the income and profits of said hotel business were diminished $50 per day.

2. The second paragraph of the counter-claim alleges that, on the 26th day of August, 1881, he had just completed his hotel at a cost of $40,000; that it contained forty rooms (besides dining-room, kitchen, etc.), suitable for the entertainment of guests; that it was then operated and run by him in the business of hotel-keeping, and was so operated for the next two years; that the rental value of said hotel, when furnished, was $5,500 per year; that on said 26th day of August, 1881, he was in great need of furniture to supply and furnish thirty of the aforesaid guest-rooms in said hotel, which rooms were then unfurnished and empty, in which condition they were of no rental value to defendant, all of which appellant well knew; that to supply and furnish said rooms and hotel as aforesaid, appellant promised and agreed with him to deliver and set up in good order and condition the furniture mentioned in its complaint by the 15th day of September, 1881, according to written specifications and agreement (copied into first paragraph above); that appellant failed and refused to deliver said goods until January 18th, 1882, during which time, from September 15th, 1881, to January 18th, 1882, he was deprived of the use and rental value of said hotel and the several rooms therein, which use and rental were of the value of $2,000.

3. The third paragraph of the counter-claim alleges all the matters contained in the other two paragraphs, showing a little more minutely the rooms for which the different articles of furniture were designed.

A reply in general denial was filed to the answer.

The cause was submitted to a jury for trial, and the jury returned a special verdict, in the words and figures following:

## "SPECIAL VERDICT.

"1. We, the jury, find that the plaintiff contracted with the defendant, on the 26th day of August, 1881, to sell and

deliver to defendant the several items of property mentioned in plaintiff's complaint at and for the price of each article as stated in plaintiff's complaint, and was to deliver the same and set the same up in defendant's hotel in Goshen, Indiana, and have the same ready for use in defendant's hotel, known as Hotel Hascall, by or on the 15th day of September, 1881. That plaintiff at the time of making such contract knew the purpose for which said furniture was to be used.

" 2. Plaintiff failed and neglected to deliver any of said furniture until the 30th day of September, 1881, and thereupon and thereafter until the 18th day of January, 1882, plaintiff delivered said furniture at the times, and in the specific articles, as severally set forth by the plaintiff in the complaint herein.

" 3. Defendant paid plaintiff the sums credited to defendant in plaintiff's complaint, and returned to plaintiff the items of furniture, as stated in plaintiff's complaint, to the amount of $121.85, thus leaving unpaid of the purchase-price of said furniture the sum of $374.62, March, 1882, as stated by the plaintiff.

" 4. We further find that defendant, at and just prior to the making of said contract, had reconstructed and built his hotel building in the city of Goshen, Indiana, at a cost of $40,000; and defendant was proprietor and manager thereof, and had within said hotel thirty (30) rooms that were unfurnished, and when so unfurnished, were of no use or value to the defendant; that all said rooms remained vacant, and of no use or value to defendant, from the 15th day of September, 1881, to the 30th day of September, 1881, on account and by reason of the failure of plaintiff to comply with its agreement aforesaid ; that twenty-three (23) of said rooms remained vacant, and of no use to defendant, from the 30th day of September, 1881, until the 19th day of October, 1881, because of the failure of plaintiff to comply with said contract; that seven (7) of said rooms remained vacant, and of no use, from the 19th day of October, 1881, to the 5th

day of November, 1881, because of the failure of plaintiff to comply with said contract; that from the 5th day of November, 1881, until December 15th, 1881, six (6) rooms of said hotel remained vacant, and of no use to defendant, because of the non-fulfilment of said contract by the plaintiff; that the use of each one of said rooms to the defendant was nothing, when unfurnished.

"5. We further find that the rental value and use of each of said rooms, when furnished with the furniture designated for same in said contract, would have been to the defendant $\frac{75}{100}$ dollars per day, during said time.

"6. If, upon the foregoing facts, the law be with the plaintiff, then we find for the plaintiff; but if the law be with the defendant, then we find for the defendant.

"JOHN A. SMITH, Foreman."

The appellant moved for judgment on the special verdict, which motion was overruled and an exception reserved. The appellee moved for judgment on the special verdict and the court sustained said motion, to which the appellant excepted. Final judgment was then entered in favor of appellee for $554.63, and costs.

Appellant filed a motion for a new trial, which was overruled, and exceptions reserved.

The appellant assigns as error:

1. That the court erred in overruling appellant's motion for judgment in its favor upon the special verdict.

2. That the court erred in sustaining appellee's motion for judgment in his favor on the special verdict.

3. That the court erred in overruling appellant's motion for a new trial.

It is contended that under the facts found the appellee is only entitled to compensatory or general damages, and not for the special damages set up as a counter-claim. We think the facts found in the special verdict entitled the appellee to recover the special damages claimed.

In *Vickery* v. *McCormick*, 117 Ind. 594 (597), the court

say : " The general rule is, that a party who fails to comply with his contract to furnish goods is liable for the value of the goods in the open market at the time of the failure. But when similar goods can not be purchased in the market, the measure of damages is the actual loss sustained by the purchaser in not receiving the goods according to the contract." See *Rahm* v. *Deig*, 121 Ind. 283, and authorities there cited.

In *Hadley* v. *Baxendale*, 9 Exch. 341 (Sedgwick Leading Cases Measure of Damages, p. 45), the court states what we deem to be the true rule governing the assessment of damages in such cases as this. In that case it is said : " Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

The facts found by the jury show that the appellee, at and just prior to August 26th, 1881, had reconstructed and built his hotel building in the city of Goshen, Indiana, at a cost of $40,000, and that appellee was proprietor and manager thereof, and had within said hotel thirty rooms that were unfurnished, and when so unfurnished were of no use or value to the appellee ; that upon said day he contracted with the appellant to sell and deliver to him the several items of property mentioned in the appellant's complaint, which consisted of the necessary furniture to furnish said rooms, at and for the price of each article as stated in the complaint, and agreed to deliver the same and set the same up in appellee's hotel, and have the same ready for use in said hotel by or on the 15th day of September, 1881 ; that the appellant, at the time of the making of said contract, knew the purpose for which said furniture was to be used.

The contract was to furnish the furniture for thirty rooms in a hotel and set it up in the rooms and have it ready for use and occupancy by a day named. From these facts it necessarily follows as a conclusion that the party contracting to furnish the same, knew that the rooms were valueless as hotel apartments when unfurnished; that the furniture was necessary to enable the purchaser to use and occupy the same and operate his hotel, and that the appellee would be deprived of the use of such rooms for such purpose until it complied with its contract.

The facts found further show that the appellant commenced furnishing the furniture soon after the date when it was all to have been furnished and put up in the rooms, furnishing part at one time and part at another. The facts show that the appellee had reconstructed and rebuilt a valuable hotel and was operating it himself, and the damages naturally resulting from the breach of the contract, according to the facts found, were what the rooms would have been worth to appellee furnished according to the contract more than they were worth to him unfurnished during the delay in complying with the contract. Appellee built the house for a particular purpose and was having it furnished for such purpose; he was not bound to rent out the rooms for another purpose even if he could have done so. If there had been a breach and a total failure of the appellant to have furnished the whole or any part of the furniture, and the appellee had been notified that he was not intending to furnish it, then the appellant would have been liable for the difference in value of the furniture between its price in the open market and the contract price, as well as the loss of the use of the rooms for the time necessary to have procured the furniture elsewhere, but in this case the appellant furnished the furniture and appellee accepted it, so that the damage was the loss sustained by reason of the delay.

We think the loss of the use of the rooms as they were to be furnished, might fairly be considered to have been con-

templated by the parties at the time of the making of the contract. In *Richardson* v. *Chynoweth*, 26 Wis. 656, it was held that a defendant failing to deliver an article, knowing the purpose for which it was purchased, was liable for the profits the purchaser would have made. See 1 Sedgwick Measure of Damages (7th ed.), pp. 218 to 239; Field Damages, section 250; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542.

It is contended that the facts found do not state the damages correctly, that if the plaintiff is entitled to recover, the amount he is entitled to recover would be the difference between the rental value of the rooms unfurnished and furnished.

This objection we do not think available for a reversal of the judgment. When special damages of this character are recoverable, it is the damage the party himself has sustained that he is entitled to recover.

If A. purchase grain of B., and at the time A. has a previous contract to sell and deliver grain to C., and A. purchases the grain of B., with a view of filling his previous contract with C., and C. is advised of that fact, and the contract is such that on failure to deliver B. becomes liable to A. for the profit he would have made, the damage recoverable is the profit A. would have made, and that amount might be determined by a finding of the facts showing the amount A. was to pay B. for the grain, and the amount he would have received from C. for the same. So, in this case, the amount of damage that the appellee was entitled to recover was the difference in value to the appellee in the rooms furnished and unfurnished for the time they remained unfurnished by reason of appellant's failure to furnish the furniture, and that amount is determined by finding what the rooms were worth to the appellee unfurnished, and what they were worth furnished, for the time he was deprived of the use of them for the purpose for which they were to be used.

The jury have found as facts that the use of the rooms unfurnished was worth nothing to the appellee during that time, and furnished they would have been worth 75 cents per day, and the number of days each room was unfurnished from the date appellant contracted to set up the furniture in the rooms is also stated and found in the verdict, and the gross amount may be determined by a mere computation.

The facts found in the special verdict entitle the appellee to a judgment for the amount of the damage found to have been sustained by him. *Fossion* v. *Landry, ante,* p. 136. The facts found cover all the issues in the case, and that is all that is required by a special verdict.

It is further contended that the court erred in not sustaining the motion for a new trial, for the reason that the judgment rendered upon the verdict is in excess of the amount found due the appellee by the verdict, but this question is not presented by the record. If the judgment does not follow the verdict, or is not such a judgment as the party was entitled to have rendered upon the verdict, to present any question as to the amount or form of the judgment, it was necessary to make a motion to modify the judgment, and properly reserve exceptions in case the motion was overruled. It follows, therefore, from the conclusion we have reached, that there is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 1, 1890.