TRI-LAKE CONSTRUCTION CO. *v.* NORTHAM, RECEIVER.
[No. 14,397. Filed March 9, 1933.]

*Gates & Gates, Whiteleather & Bloom* and *Luke H. Wrigley,* for appellant.

*Rob B. McNagney, Phil M. McNagney, James M. Barrett, Jr.,* and *Leigh L. Hunt,* for appellee.

WOOD, J.—On November 1, 1929, The Provident Trust Company, a banking institution of Columbia City, was adjudged insolvent by the Whitley Circuit Court, and the appellee was appointed as receiver to liquidate and wind

up its affairs. The appellant, as a creditor of the trust company, filed a petition in the receivership proceedings, seeking a judgment, allowing its claim and ordering it paid as a preferred claim. To this petition the appellee filed an answer in general denial. The issues thus tendered were tried by the court, who made a general finding reading as follows: "The court having heard the evidence adduced and the argument of counsel, and being sufficiently advised in the premises, finds for the plaintiff herein in the sum of $17,186.96, and that the plaintiff is entitled to recover of and from the Receiver herein in due course of administration of his trust as Receiver for the Provident Trust Company, and that said plaintiff is entitled to have said claim paid to him out of the assets of said estate with the priorities and in the manner following, to wit: That said Receiver, on assuming said trust, received assets into which the proceeds of plaintiff's deposit have been traced to the aggregate amount of $11,816.40, which assets are impressed with a trust for the payment of, and should be paid by, said Receiver to this plaintiff, and others similarly situated, pro rata, and to the discharge of plaintiff's said claim and the claims of all others similarly situated pro rata, and to the exclusion of the claims of general creditors of said The Provident Trust Company; that any part of plaintiff's said claim not satisfied by the application thereto, and to the claims of others similarly situated, pro rata, of said sum of $11,816.40, should be paid as a general claim against the funds in the hands of said Receiver other than said trust fund of $11,816.40, and the said remainder of said claim should be allowed as a general claim only."

Upon this finding the court rendered the following judgment: "It is, therefore, adjudged and decreed by the Court that the plaintiff herein do have and recover of and from defendant Receiver the sum of $17,816.40, pay-

able out of the assets in his hands as such Receiver in the manner following, to wit: That said Receiver shall, of the assets coming into his hands as such Receiver, apply the sum of $11,816.40 hereinbefore found to be a trust fund, and pay said sum of $11,816.40 to the plaintiff herein, and to all others similarly situated, pro rata, as a preferred claim, and to the exclusion of general creditors of said The Provident Trust Company, and that said sum of $11,816.40 shall be and hereby is declared and adjudged to be a trust fund for the payment of plaintiff's said claim, and the claims of all others similarly situated, pro rata.

"It is further considered and adjudged that any part of plaintiff's said claim not satisfied by the application of such trust fund to the payment thereof shall be paid by the Receiver out of the assets of his said trust other than said trust fund as a general claim and without preference over the claims of other general creditors of said The Provident Trust Company, all to be paid in due course of administration of said trust."

Appellant filed a motion for a new trial alleging as causes therefor: "(1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law." This motion was overruled. Appellant appeals, assigning as the only error for reversal the overruling of its motion for a new trial.

It is argued by appellee, that appellant has failed to present any question for our consideration; that when a judgment is valid in part and invalid in part, the judgment will not be reversed on appeal, though relief is given or refused thereby, that would have been erroneous if the proper motion had been presented to the lower court; that the question as to the sufficiency of the judgment can only be raised by a motion to modify. The method of procedure for which appellee contends is correct, but it does not apply in this case. There is no

contention made by appellant that the judgment of the court does not conform to the finding. Our statutes require, and they have been so construed by our Supreme Court and this court, that the judgment conform to the finding of the court. If it does conform to the finding of the court, then the only remedy for relief is by motion for a new trial, asking that the finding and judgment be set aside for that purpose. If the judgment does not conform to the finding of the court then the proper procedure is a motion to modify the judgment to conform therewith. Section 602, 603-615, Burns 1926; *Berkey & Gay Furniture Co.* v. *Hascall* (1890), 123 Ind. 502, 24 N. E. 336, 8 L. R. A. 65; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 49 N. E. 1050; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 177 N. E. 866, 867; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361. ·

In the case of *Scheiring* v. *Baker, supra,* our Supreme Court, in discussing the office of a motion to modify a judgment under our civil procedure, said: "The practice and procedure, recognized as a motion to modify a judgment, is not a practice that is permitted, allowed, or granted by legislative enactment, either by the act concerning proceedings in civil cases (citing authorities), or by any legislative enactment amendatory or supplementary thereto. This practice is established by judicial recognition, and has become an established practice in civil procedure. The relief permitted, however, is limited to the form of the judgment. It is recognized that the amount of relief adjudged is a matter of form (Citing authorities).

"Practically, a judgment rests upon the verdict, if the trial be to a jury, and upon the judicial finding, if the trial be to the court; and the judgment must conform to the verdict or finding. (Citing authorities)

"The relief that may be granted in response to a motion to modify a judgment does not extend to the setting

aside of the judgment rendered and substitute therefor a judgment entirely opposite to the first judgment (citing authority), unless the motion be to the effect of asking a judgment that will be in accord with the verdict or finding. (Citing authorities)."

On the 7th day of September, 1929, The Provident Trust Company was insolvent. The officers were cognizant of this fact. On that day, by reason of dishonest and fradulent representations made by its officers to appellant, regarding the financial stability of the trust company, appellant was induced to and did make a deposit therein of $47,451.19. On September 17, 1929, because of its insolvent condition, the state banking department took possession of and closed the institution. At that time the appellant had on deposit to its credit the sum of $17,186.96.

The total amount of cash remaining in the bank at the time it was closed, was $8,074.64. This amount, together with all other assets of various kinds, passed into the possession of the receiver.

There is no controversy between the parties regarding the controlling facts in this case. Counsel for appellee admit in their brief, that where, as in the instant case, the officers of an insolvent bank, knowing it to be in that condition, solicit or accept general deposits, such conduct is fradulent and deposits made under such circumstances do not create the relation of debtor and creditor, but they are impressed with a constructive trust in favor of the depositor, and if such deposits augment the assets of the bank taken possession of by the receiver and can be traced into his hands, the creditor is entitled to a preferred claim. *Barnard* v. *Black* (1930), 91 Ind. App. 283, 169 N. E. 872, and authorities there cited.

On the trial of this cause in the lower court, the appellant did not trace its funds into any specific item of

property making up the entire mass of assets passing into the possession of the receiver, except into the cash item of $8,074.64, a bond, and some other securities amounting to the aggregate sum of $11,816.40. Where rests the burden of tracing trust funds, in order to entitle the claimant to a preferred claim against the assets of the insolvent, passing into possession of the receiver, is the point of cleavage between the appellant and appellee.

The trial court found and adjudged that the appellant was entitled to have its claim allowed in the sum of $17,186.26, that the amount of assets of the trust company passing into the possession of the receiver, into which the trust funds of appellant had been traced was $11,816.40, which item of assets was impressed with a trust for the payment of appellant's claim pro rata with other claimants similarly situated, to the exclusion of general creditors. That any balance of appellant's claim, together with any other claimants in the same class, not satisfied by the application thereto of said sum of $11,-816.40 should be paid out of other assets not impressed with such trust, passing into the receiver's possession, as a general claim without preference over the claims of other general creditors.

The evidence sustained the finding of the court and the judgment rendered thereon is in accord with the rule recently announced in the case of *Rottger* v. *First-Merchants Bank* (1933), (Ind. App.), 184 N. E. 267, where the same question presented by the record in this case was before this court for determination.

Upon the authority of that case and the authorities there cited, we hold that it was not error to overrule appellant's motion for a new trial and the judgment is affirmed.