MILTENBERG & SAMTON, INC., Respondent, *v.* PERCIVAL E. FALKINGHAM, Appellant.

First Department, May 10, 1948.

*Copal Mintz* for appellant.

*George Damashek* of counsel (*John H. Maass,* attorney), for respondent.

*Per Curiam.* The trial court was without power to substantially change the decision and direction for judgment filed on December 24, 1947. The second decision made seven days later which purported to grant judgment to plaintiff on the second cause of action in place of a judgment for the defendant as directed in the original decision was a nullity.

When a decision on the merits has been rendered after a trial, the court is without power to make a different decision. It may only correct errors clerical in their nature or in a proper case, it may set aside its decision and order a new trial, but it is not authorized to make a new decision. (*Kamp* v. *Kamp,* 59 N. Y. 212; *Herpe* v. *Herpe,* 225 N. Y. 323, 327; *Corr* v. *Hoffman,* 256 N. Y. 254, 268; *Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.,* 194 App. Div. 819, 820; *Heintz* v. *Darmstadt,* 140 App. Div. 252.)

A reversal of the judgment appealed from will make possible the entry of a judgment based upon the decision of the court as announced on December 24, 1947. From that judgment plaintiff will have the right to appeal upon the merits, if so advised.

It would appear that the appellant was entitled to have the judgment irregularly obtained vacated upon motion. (*Kamp* v. *Kamp,* 59 N. Y. 212, 215–218, *supra.*) However, as appellant is afforded full and adequate relief by our reversal of the invalid judgment, it becomes unnecessary to pass upon the appeal from the order denying defendant's motion to set aside such judgment.

The judgment appealed from should be reversed, with costs to the appellant and the clerk directed to enter judgment in accordance with the decision filed December 24, 1947.

The appeal from the order entered February 9, 1948, should be dismissed.

Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and judgment directed to be entered in accordance with the decision filed December 24, 1947. Appeal from order entered February 9, 1948, unanimously dismissed. Settle order on notice.