## COHEN v. HOLMES.

### No. 1504.

Municipal Court of Appeals for the District of Columbia.

Argued June 2, 1954.

Decided June 29, 1954.

Jacob Gordon and Hyman J. Cohen, Washington, D. C., appellant, pro se, for appellant. Burton Yavener, Washington, D. C., also entered an appearance for appellant.

Jacob N. Halper, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant brought an action for breach of contract and after trial without a jury the court on March 12 made a finding in appellant's favor for $1. No motion for new trial was filed and judgment on the finding was entered on March 25. Under Civil Rule 59(b) of the trial court a motion for new trial must be filed not later than four days after the entry of the finding. In the absence of such motion Rule 58 provides that judgment, unless otherwise directed, shall be entered on the fifth day. There is no explanation in the record for the delay in entry of judgment, but, whatever may have caused the delay, under Rule 58 the judgment did not become effective until its entry on March 25. On March 30 appellant filed a motion entitled as one "to modify, alter, or amend judgment or for a new trial on issue of damages." On April 9 the trial court declined to hear the motion on the ground that it was a motion for new trial and was untimely filed. On April 14 appellant noted an appeal from the judgment of March 25 and the order of April 9. Appellee has moved to dismiss the appeal on the ground that it was not filed within the time prescribed by our Rule 27(a) which requires that notice of appeal be filed within ten days from the date of the entry of the judgment appealed from.

Appellant relies on Municipal Court Civil Rule 59(g), which provides that a motion to alter or amend a judgment shall be served not later than 10 days after entry of the judgment, and upon our Rule 27(d), which provides that a motion seasonably filed to modify a judgment shall extend the time for noting an appeal until such motion is disposed of. He argues that under those rules his motion to modify, alter or amend the judgment was seasonably filed and that following its denial his appeal was timely noted. His position is correct if his motion was actually one to modify, alter or amend the judgment and was not in effect a motion for new trial. If his motion was one for new trial then his argument must fail. The nature of his motion must be determined by the relief it sought and not by its label.

▪ The motion asked that the judgment be modified, altered or amended on the ground that the *finding* for plaintiff was obviously a *finding* for nominal damages only and that such *finding* was against the evidence and the law. It further asked that the judgment be modified, altered or amended "with the result that the *finding* for the plaintiff will be for actual damages, as determined by the court." In the alternative the motion sought a new trial on the issue of damages. It is obvious that the motion was directed at the finding and not at the judgment. A judgment should, as this one did, conform to the verdict or finding.[1] If by reason of clerical error or oversight a judgment fails to conform to the verdict or finding, it may be amended to so conform, but a motion to amend or modify a judgment is not the proper vehicle for attacking error made in arriving at the verdict or finding. A trial court cannot by amendment of judgment correct judicial error committed at trial or in its decision.[2] After finding is formally entered, the trial court, if convinced that it committed error, may order a new trial provided that timely action is taken, but it may not make a new and different finding.[3]

Appellant's motion, though labeled otherwise, was plainly a motion for new trial since it attacked the finding as being contrary to the law and evidence, and the only relief that could have been given under it was the award of a new trial. The motion was not timely filed and therefore did not extend the time for taking an appeal. Consequently notice of appeal was too late and the appeal must be dismissed.

1. S. J. Peabody Lumber Co. v. Northam, 96 Ind.App. 197, 184 N.E. 794.

2. Herpe v. Herpe, 225 N.Y. 323, 122 N.E. 204; Kline v. Murray, 79 Mont. 530, 257 P. 465.

3. Rice v. Simmons, D.C.Mun.App., 53 A. 2d 587; Miltenberg & Samton, Inc., v. Falkingham, 273 App.Div. 631, 78 N.Y.S. 2d 704.