Arthur C. ROUMEL, Appellant,

v.

Kenneth N. STRADLEY, Appellee.

No. 1709.

Municipal Court of Appeals for the
District of Columbia.

Submitted Nov. 14, 1955.

Decided Dec. 21, 1955.

Jeremiah T. Riley, Washington, D. C.,
for appellant.

Ralph L. Bailey, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal challenges the correctness of a judgment against appellant for broker's commissions on two real estate transactions. Although not raised by appellee, we must consider the jurisdictional

question of whether the appeal was timely noted.

The case was tried without a jury and at its conclusion the trial court, after orally stating certain findings of fact, announced that finding would be entered for plaintiff for the amount claimed. Formal entry of the finding was made on the same day. Appellant did not move for a new trial and judgment on the finding was entered one week later.

Four days after entry of judgment appellant filed a motion "to amend the findings and judgment herein or for a new trial." When this motion was denied some six weeks thereafter, appeal was noted.

Our rule 27(a) requires that notice of appeal be filed within ten days from date of entry of judgment. The notice here was filed long after that period, and the question is whether the filing and pendency of the motion extended the time for noting an appeal. Our rule 27(d) provides that "When a motion has been seasonably filed * * * to vacate or modify the * * * finding, or judgment, the times specified in sections (a) * * * hereof shall not begin to run until disposition of such motion." The trial court's rule 52(c), based on Federal Rule of Civil Procedure 52(b), 28 U.S.C.A. provides that: "Upon motion of a party made not later than 5 days after entry of judgment in the civil docket, the court may amend its findings or make additional findings and may amend the judgment accordingly." And the trial court's rule 59(g) based on Federal Rule of Civil Procedure 59(e), provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

Appellant's motion made reference to the trial court's rule 52(c). If it were properly filed under that rule, the appeal was timely. But if it were in effect nothing more than a motion for new trial, the appeal was late because the trial court's rule 59(b) requires that a motion for new trial be filed not later than four days after entry of the finding. We must examine the contents of the motion to determine its true nature.

The motion advanced certain propositions designed to show that the finding and judgment thereon were contrary to the law and the evidence. It concluded by asking that the court "amend its findings or make additional findings to show the violation by plaintiff of his *fiducary* obligations to his principal," and that "the judgment be amended to find for the defendant."

We think it plain that every ground advanced in the motion could and should have been used as the basis of a motion for a new trial. But it is equally plain that the trial court could not have treated the motion as one for a new trial because it was not filed within the time limited for such motion.[1]

Moreover, we are of opinion that the trial court could not have granted the relief sought. In effect the motion asked the court to set aside finding and judgment for plaintiff and enter finding and judgment for defendant. Whatever may be the rule in the federal courts, and it does not seem to be settled, this court is committed to the proposition that where, in a non-jury trial, a finding has been formally announced and duly entered, the trial court has no power to reverse it and enter an opposite finding, when the questions presented are ones of fact or mixed

1. Although the trial court's rules are based to some extent on the Federal Rules of Civil Procedure, federal court decisions are no guide for us in the present situation. Under the federal rules a motion for new trial, as well as a motion to amend findings or make additional findings, or to alter or amend the judgment, have the same time limitation, i. e., not later than ten days after judgment. Presumably a federal court might grant the relief to which the party was entitled regardless of the designation of his motion. On the contrary, the Municipal Court rules require a motion for new trial to be filed not later than four days after finding, but permit a motion to amend or make additional findings to be filed not later than five days after entry of judgment, and a motion to amend judgment not later than ten days after entry of judgment.

questions of law and fact. We have held that, under such circumstances, if the court is convinced that it is wrong in its decision, the only proper procedure is to grant a new trial. Rice v. Simmons, D.C. Mun.App., 53 A.2d 587. If on a motion for new trial the court cannot reverse its general finding, neither can it, after time for motion for new trial has expired and judgment has been entered, reverse both the finding and judgment. See Cohen v. Holmes, D.C.Mun.App., 106 A.2d 147.

 Our conclusion is that the trial court was without power to grant the relief sought by the motion and that such motion did not extend the time for appeal. It follows that the appeal was not timely and must be dismissed.

Appeal dismissed.