**CANNON ENGINEERING COMPANY, a corporation, Appellant,**

v.

**MERANDO, Inc., a corporation, and Phoenix Indemnity Company, a corporation, Appellees.**

**No. 2110.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 13, 1958.

Decided Jan. 29, 1958.

Gordon Allison Phillips, Washington, D. C., for appellant.

Maurice A. Guervitz, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

This litigation grew out of a dispute concerning installation of a refrigerating system in a cold storage plant at Bolling Air Force Base. Cannon Engineering Company was the subcontractor who made the installation. The prime contractor was Merando, who had been awarded the contract by the United States Government. After Cannon's work was finished, United States Army officials on December 23, 1953 took provisional possession of the installation in accordance with a contractual arrangement to which we will refer later. Five days later Army officials complained that the machinery was not operating properly, and Cannon's superintendent made an inspection and had it oiled. A few days after that, the trouble not having been corrected, it was decided that part of the refrigerating system would have to be rebuilt. The Government charged that the trouble was due to faulty installation by Cannon, while Cannon claimed that it was caused by improper maintenance by Bolling Air Force personnel.

In a letter from which we quote later in this opinion, Merando requested Cannon to do the work necessary to put the refrigerating system in satisfactory operating condition. Cannon did the work and submitted a bill for $2,064.98. Merando attempted to obtain approval of the claim by the Government, but payment was refused on the ground that Cannon's original installation was faulty.

Cannon filed suit on his claim in the United States District Court naming as defendants Merando, Inc., its surety, Phoenix Indemnity Co., and also the Secretary of the Army and the Secretary of the Air Force. The two Government officials moved for summary judgment which, after consideration, the District Court granted. Cannon did not appeal from that ruling. Later, the case was certified for trial to the Municipal Court.

Trial resulted in finding for defendants on September 13, 1957. Along with the entry of that finding there was this notation, "Court will entertain memorandum from counsel on proposed findings of fact." No such memorandum was submitted. No motion for new trial having been filed by plaintiff within the four-day period prescribed by Municipal Court Civil Rule 59 (b), judgment for defendants was ordered on September 19, 1957 and entered September 23, 1957. On September 19 plaintiff filed a motion "for relief from judgment, or alternatively to alter or amend the judgment." The motion recited that the Court had found that plaintiff failed to prove that Merando had accepted or approved the machinery before it was turned over to the Government and that, if such was necessary, it was "by inadvertence or surprise" that plaintiff did not introduce letters bearing on that subject; also, that this was an affirmative defense which should have been raised in the pleadings; that it was not necessary for affirmative proof of plaintiff's claim, and that plaintiff had evidence which it could have submitted if it had known that the point would arise. The motion was denied on September 27, 1957 and ten days later, on October 7, plaintiff filed notice of appeal.

We must first consider how the case got here. The appeal is not from the judgment on the merits which was entered September 23, 1957. If it were we would have to dismiss for want of timeliness. See our Rule 27(a). The appeal is from the ruling of September 27 denying the motion for "relief from the judgment," etc. That motion presented no grounds which could not have been urged on a motion for new trial if such had been timely filed.

 We have in two earlier cases fully discussed the propriety of motions of this nature and their function and effect. We have held that a motion to amend a judgment "is not the proper vehicle for attacking error made in arriving at the verdict or finding." Cohen v. Holmes, D.C. Mun.App., 106 A.2d 147, 148. We have also held that a motion to amend a judgment

cannot be treated as a motion for new trial when filed after the time prescribed by the rules of the trial court, and that the filing of such motion does not extend the time for noting appeal. Roumel v. Stradley, D.C.Mun.App., 119 A.2d 111. Under those decisions this appeal, if taken from the judgment itself, would have to be dismissed.

■ However, the appeal was taken from the order overruling the motion, and we have accordingly studied the motion to determine its legal effect. The motion did not ask for a new trial or to vacate or set aside the finding; it sought to "alter or amend the judgment" without indicating what alteration or amendment was desired. It criticized an alleged finding that plaintiff had failed to prove that Merando had accepted or approved the machinery before it was turned over to the Government. (What the judge actually held, according to the record, was that "there was no showing on the part of Plaintiff that Defendant Merando had knowledge of or ratified the acceptance by the Government of the machinery for beneficial use.") There is no substance to this contention because it seems plain that all parties knew the Government had taken possession of the machinery for beneficial use on December 23, 1953. Concededly, this was in accordance with the following contractual language of the specifications: "The Government shall have the right to take possession of or use any completed or partially completed part of the work. Such possession or use shall not be deemed an acceptance of any work not completed in accordance with the contract." In view of the quoted language, Merando's knowledge or ratification of the Government's acceptance of the job may well be regarded as immaterial. Appellant concedes that the provisional acceptance "was an undisputed contract right of the Government." Hence neither Cannon nor Merando could have done anything to prevent such possession and the additional evidence to which the motion referred, as to Merando's knowledge of the acceptance, would have been merely cumulative. We rule that the denial of the motion was proper.

Our discussion could properly stop here, for it is clear that appellant has no standing to ask for a review of the judgment or the findings on which it was predicated. But even on the merits the result would be the same and an affirmance would have to be ordered.

■ The really decisive finding of the trial court was "that there had been no authorization from Defendant Merando to Plaintiff to proceed to make repairs and charge for the same to Defendant Merando." This finding was fully justified. The authorization relied on was in the form of a letter from Merando to Cannon dated January 25, 1954. This was after the plant had broken down and after the dispute as to whether this was due to Cannon's defective work or to improper maintenance by the Government. The letter reads in part:

"(1) You are requested to put in satisfactory operating condition the refrigeration system on the above captioned project.

"(2) If you can produce evidence that the damage to the ammonia compressors is a direct result of negligence on the part of Bolling Air Force Base personnel, this organization has been assured by Mr. Kruse of the Corps of Engineers that they (the Corps of Engineers) will entertain for consideration any just claim.

"(3) If such evidence can be produced, you can also be assured that this organization will cooperate to the fullest in any such just claim."

It is plain beyond question that the quoted letter was nothing more than a mere request and that it was not a promise by Merando to pay for the repair work. Indeed, it put Cannon on clear notice that his right to payment would depend on proof that the repairs had been made necessary by the neg-

ligence of Government personnel. On the basis of this and other evidence in the case bearing on that question the decision cannot be held erroneous.

No benefit would result from a discussion of other errors assigned. These we have examined and find to be without merit. The record reveals no error.

Affirmed.