Gerard MURRAY, Appellant,

v.

Stanley M. DIETZ, Appellee.

Michael V. STASSULLI, Appellant,

v.

Stanley M. DIETZ, Appellee.

Nos. 2518, 2519.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 8, 1960.

Decided March 29, 1960.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant in No. 2518.

Jesse H. Chessin, Washington, D. C., with whom John L. Laskey and Dyer Justice Taylor, Washington, D. C., were on the brief, for appellant in No. 2519.

Wm. Edison Owen, Washington, D. C., entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In an action for false arrest and imprisonment a jury brought in a verdict of $7,000 in favor of plaintiff against Turner's Arena, Inc., and in favor of two other defendants, Murray and Stassulli. This was on March 31, 1959. Turner's Arena filed a timely motion asking for judgment n. o. v. or for a new trial. On April 29, 1959, the trial court denied judgment n. o. v. but granted the motion for a new trial.

More than four months later Turner filed a motion "for clarification" as to whether the new trial was to include the individual defendants. Murray and Stassulli opposed the motion for clarification, contending that they had by the jury's verdict been exonerated of liability, that no motion for new trial had been filed as to them and that they were entitled to judgment on the verdict. (Murray had earlier made a written motion for judgment which was denied.) On September 16, 1959, the trial court "clarified" its order of April 10, by ordering that there be a new trial as to all defendants. Murray and Stassulli have appealed.

The general rule that an order granting a new trial is not reviewable on appeal has no application in this case if appellants are correct in their claim that the court acted in an excess of jurisdiction. Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610; Bailey v. Slentz, 10 Cir., 189 F.2d 406; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; Sellers v. Taylor, D.C.Mun.App., 117 A.2d 394; Harco, Inc. v. Greenville Steel and Foundry Co., D.C.Mun.App., 112 A.2d 920.

Plaintiff did not challenge the verdict in favor of these two defendants, by motion for new trial, or otherwise. Hence the decision to award a new trial against them must have been on the judge's own initiative. But such action is required to be taken within ten days from entry of judgment. Mun.Ct.Civ.Rule 59(e). Extensions of time under this rule are prohibited by Rule 6(b) of the trial court. And it has consistently been held that such time limitations are jurisdictional. Kanatser v. Chrysler Corp., supra; Fine v. Paramount Pictures, 7 Cir., 181 F.2d 300; Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Freid v. McGrath, supra; Greenwood v. Greenwood, D.C.E.D.Pa., 16 F.R.D. 366.

It is true that judgment had not actually been entered on the verdict for these two defendants. But as a matter of law and right it should have been entered. Throughout the half-century history of the Municipal Court there has been an unvarying requirement that motions for new trial be filed within four days after finding or verdict, and if not so filed, that judgment be entered on the fifth day as a matter of course. This has always been mandatory, under the older rules, and as well under the rules adopted in 1942 by express Congressional authority, to conform to the Federal practice. This mandate is expressed in Mun.Ct.Civ.Rule 58 which requires that "judgment shall be entered" etc. This requires the clerk to exercise his standing authority to enter judgment on the fifth day, absent a motion for new trial, or directions from the court to the contrary.

Thus it is clear that these two defendants, as to whom no motion was filed, were entitled to have an entry of judgment in their favor on the fifth day after verdict. Oversight by the clerk—or even by the judge—did not divest them of that right. In the circumstances of this case relief can and should be extended by ordering or treating judgment as having been entered when it should have been entered. Mitchell v. Overman, 103 U.S. 62, 26 L.Ed. 369; Milton v. United States, 5 Cir., 120 F.2d 794; United States v. Chicago & A. R. Co., 7 Cir., 250 F. 101; 6 Moore, Federal Practice § 58.08.

From what we have said we think the only proper disposition of this appeal is to rule that the time within which the trial court could on its own initiative have or-

dered a new trial commenced to run on the sixth day after verdict; that the order granting a new trial as to these appellants was jurisdictionally invalid; and that the case must be remanded with instructions to enter judgment in their favor.

Reversed and remanded.