Mary C. WALTON, Appellant,

v.

Theodore B. LLOYD, Appellee.

Margaret P. WHITLEY and Ralph D. Whitley, Appellants,

v.

Theodore B. LLOYD, Appellee.

Nos. 2684, 2685.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 30, 1961.

Decided Feb. 24, 1961.

Franklin A. Higgs, Washington, D. C., for appellants.

John F. Mahoney, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., and Justin L. Edgerton, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This appeal involves two cases filed against appellee Lloyd in connection with an automobile collision. In one case Mary C. Walton claimed personal injuries and property damage to her automobile. In the other case Mr. and Mrs. Whitley, who were passengers in the Walton car, claimed damages for personal injuries. Plaintiffs' claims were based on the charge that Lloyd had struck the Walton car from the rear while it was stopped on the Baltimore-Washington Expressway. Lloyd's defense was that he had stopped a safe distance behind the Walton car and was driven into it by another car which struck his from the rear. The jury's verdict was for the defendant and the case is here on appeal by the three plaintiffs.

Our first question is a jurisdictional one, growing out of the fact that a motion for a new trial was filed out of time. Ap-

pellee says the trial court had no jurisdiction to entertain it. He also argues that this court has no jurisdiction to entertain the appeal because it was filed more than 10 days after the date on which the judgment should have been entered in the absence of a motion for a new trial. Citing Murray v. Dietz, D.C.Mun.App., 158 A.2d 908. In that case the new trial was granted on the court's own motion; here it was on motion of the plaintiffs. In that case the motion was granted; in the case before us it was denied. The appeals were noted within 10 days from the date of actual entry of judgments. We think we are not without power to review those judgments.

■ Appellants contend the verdict was contrary to law and contrary to the preponderance of the evidence. These contentions cannot be sustained. Our study of the record satisfies us that this was clearly one of those cases where on conflicting evidence it was for the jury to decide whether the collision was due to defendant's negligence.

■ Another assignment of error relates to certain instructions given to the jury. But appellants have failed to comply with our Rule 23(b) which requires that in such a situation the entire charge or its substance shall be included in the record. This record tells us nothing as to what the judge said to the jury or what objections, if any, were made to the charge. Consequently, we are not in a position to consider this claim of error.

■ We are asked to rule that appellants were entitled to a mistrial when defense counsel, during argument, made certain statements to the jury commenting on the fact that plaintiffs had sued only one of the five car owners involved in the accident. There was no request for mistrial and no objection to the statement of defendant's counsel. Appellants are without standing to claim error in this respect. United States v. Socony-Vacuum Oil Co.,

310 U.S. 150, 238–239, 60 S.Ct. 811, 851, 84 L.Ed. 1129, 1176.

We have considered other claims of error and have decided they are without merit.

Affirmed.