MENASHI J. SALEH, Respondent, v. HERMAN J. KARP, Appellant.— In an action for specific performance of an agreement giving plaintiff an option to buy certain lots of real estate, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered June 10, 1959, after a nonjury trial, which provides as follows: (a) paragraph "1", directs defendant to convey to plaintiff certain prescribed lots; (b) paragraph "2" sets forth the terms upon which such conveyance is to be made; (c) paragraph "3" awards plaintiff money damages of $150 for each of the lots 36 to 60 inclusive, in block 68, to which defendant at the trial had stated that he did not have title, and which were not included in paragraph "1", and damages of $150 "for each lot set forth in Paragraph 1. above to which the defendant is unable to

convey title"; and (d) paragraph "4" gives plaintiff leave to make further application to the court or to institute any further proceeding "necessary or proper to carry into effect and enforce the provisions of this judgment." Judgment modified on the law and the facts by striking out paragraph "3" and by adding to paragraph "4" a provision that any application which plaintiff might make and any proceeding he might institute, under that paragraph, may include the issue of assessing money damages for lots 36 to 60 inclusive, in block 68, and for each lot set forth in paragraph "1" to which defendant is unable to convey title. As so modified, judgment affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The option agreement was part of a rider attached to a contract for the absolute sale of a large number of lots at $200 a lot. The rider also provided for absolute sale of additional lots at the express price of $200 a lot. Although within its own confines the option agreement did not expressly state a price for the lots there set forth, it contained a provision which contemplated that a further "contract" was to be made if the option were to be exercised, and stated that such contract "shall be in identical form as the within contract except" for a stated modification as to the percentages of price to be paid in cash. In our opinion, the effect of these provisions was to incorporate into the option-part of the contract the $200 a lot price contained in the other parts of the contract, particularly under the circumstances disclosed in the record. Accordingly, the option agreement was complete and enforcible. However, the trial court was without power to make the award for damages. The original decision of the trial court, dated January 14, 1959, did not include an award of money damages. On May 1, 1959, several months after the making of the original decision, the trial court purported to amend its original decision by adding a provision awarding damages. The court then was *functus officio*, without power to amend its original decision (*Corr* v. *Hoffman*, 256 N. Y. 254, 268; *Fudin* v. *Fudin*, 7 A D 2d 1021, mod. 9 A D 2d 545; *Miltenberg & Samton* v. *Falkingham*, 273 App. Div. 631; *Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.*, 194 App. Div. 819). In any event, no evidence as to damages was adduced. However, it is appropriate for this court to amend the judgment so as to permit proper proceedings to be taken hereafter for the assessment of such damages to which plaintiff may be entitled. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.