Marilynn E. BANKS, by and through her
mother and next friend, Elaine
C. Lacey, Appellant,

v.

B. F. SAUL COMPANY, a corporation, and
Bangor-Pitts Corporation, Appellees.

No. 3689.

District of Columbia Court of Appeals.

Argued June 7, 1965.

Decided Aug. 10, 1965.

John Wm. Mannix, Washington, D. C., for appellant.

Austin F. Canfield, Jr., Washington, D. C., for appellee B. F. Saul Co.

Darryl L. Wyland, Washington, D. C., for appellee Bangor-Pitts Corp.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was injured in an apartment owned by appellee Bangor-Pitts Corporation and managed by appellee B. F. Saul Company when a venetian blind which she was in the process of raising fell and struck her on the head. Appellant shared the

apartment with her sister who leased it from appellees. Suit was brought against appellees on the ground that they were negligent in failing to maintain the blind and its components in a safe condition. Testimony at trial tended to show that one of the blind's supporting brackets was not properly closed; that the blind had fallen at least twice before; that an agent of appellee B. F. Saul Company had been notified of this condition and had been requested to repair it; and that no remedial action had been taken prior to the accident. It was further revealed that the blind covered the only window in the room, and it was necessary to raise and lower it to insure light and privacy. Appellant testified that she was aware of the defective condition of the blind but that she had raised it on other occasions without mishap and that she used care in handling it on the day it fell.

At the conclusion of appellant's case, appellees moved for a directed verdict on the grounds that under the common law, as enunciated in Bowles v. Mahoney, 91 U.S. App.D.C. 155, 202 F.2d 320 (1952), cert. denied, 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719 (1953), and Karl W. Corby Co. v. Zimmer, D.C.Mun.App., 99 A.2d 485 (1953), the landlord had no duty to repair defects arising during the term of a lease, absent an express agreement to the contrary, and that appellant had been contributorily negligent as a matter of law. The trial court

granted the motions and entered a verdict for appellees on October 2, 1963. Five days later (excluding Sunday), the court entered judgment, no motion for a new trial having been filed.[1] On the same day, however, appellant did file such a motion. Despite the fact that the motion was a day late,[2] the court thereupon "set aside and held for naught" the judgment against appellant. At the argument on the motion appellees called attention to the fact that it had not been filed within the required time. The court took the matter under advisement. On December 4, 1964, it ruled that the motion had not been timely filed and reinstated the earlier judgment. This appeal followed.

■ Before reaching the substantive issues raised by appellant, we must decide whether this court has jurisdiction to entertain the appeal. Appellees contend that the notice of appeal was not filed within the time required by our rules[3] and that we must therefore dismiss it.[4] They rely primarily on the cases of Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771 (1943), and Roumel v. Stradley, D.C.Mun. App., 119 A.2d 111 (1955), which hold that a tardy motion for a new trial will not suspend the running of the time for filing an appeal even though a seasonably filed motion will.[5] Thus, according to appellees, appellant was required to file her appeal by October 18, 1963, and her failure to do so deprived this court of jurisdiction. But in the Safeway and Roumel cases, and in

---

1. Civil Rule 58 provides: "Unless the court otherwise directs, * * * judgment shall be entered on the fifth day after the verdict, or the finding by the court, has been entered in the civil docket; or, if a motion for a new trial * * * has been filed, the judgment shall be entered forthwith upon the ruling of the court thereon. * * *"

2. Civil Rule 59(b) provides: "A motion for a new trial shall be filed not later than 4 days after the entry of the finding or the verdict in the civil docket. * * *"

3. D.C.App. Rule 27(a) provides: "Notice of appeal in civil cases shall be filed with

the clerk of the trial court within 10 days from the date of entry of the judgment or order appealed from."

4. D.C.App. Rule 27(q) provides: "There shall be no extensions of time for filing notices of appeal under sections (a) * * * hereof. * * *"

5. D.C.App. Rule 27(d) provides: "When a motion has been seasonably filed for a new trial, * * * the times specified in sections (a) * * * hereof shall not begin to run until disposition of such motion."

Cohen v. Holmes, D.C.Mun.App., 106 A.2d 147 (1954), which reached the same result, judgments had been entered and remained on the books while the courts considered the motions for new trials. Appeals could have been noted from these judgments. In the present case, however, the court specifically set aside the judgment originally entered on October 8, 1963, and there was no judgment from which an appeal could have been taken until it denied the motion in December 1964. This appeal was therefore taken within ten days of the entry of judgment which, although dated October 8, 1963, did not actually exist until December 4, 1964.

Appellees cite Murray v. Dietz, D.C.Mun. App., 158 A.2d 908 (1960), for the proposition that under the rules they were entitled to have judgment entered on October 8, 1963, and time should have been computed from that date. But the holding of that case was specifically limited to its peculiar circumstances, and it was distinguished in Walton v. Lloyd, D.C.Mun.App., 167 A.2d 892 (1961), a case similar to the one before us. In fact the language of the latter case is equally applicable here:

"Our first question is a jurisdictional one, growing out of the fact that a motion for a new trial was filed out of time. Appellee says the trial court had no jurisdiction to entertain it. He also argues that this court has no jurisdiction to entertain the appeal because it was filed more than 10 days after the date on which the judgment should have been entered in the absence of a motion for a new trial. Citing Murray v. Dietz, D.C.Mun.App., 158 A.2d 908. * * * The appeals were noted within 10 days from the date of actual entry of judgments. We think we are not without power to review those judgments." 167 A.2d 892–893.

On the day of trial appellant sought to introduce into evidence the District of Columbia Housing Regulations to support her contention that appellees were responsible for keeping the premises in a safe condition. The particular regulation which appellant proffered, Article 250, Section 2501, reads as follows:

"Every premises accommodating one or more habitations shall be maintained and kept in repair so as to provide decent living accommodations for the occupants. This part of this Code contemplates more than mere basic repairs and maintenance to keep out the elements; its purpose is to include repairs and maintenance designed to make a premises or neighborhood healthy and safe."

It is established that the promulgation of the Housing Regulations in 1955 placed a duty of care upon landowners which did not exist when Bowles v. Mahoney, supra, and Karl W. Corby Co. v. Zimmer, supra, were decided. Whetzel v. Jess Fisher Management Co., 108 U.S.App.D.C. 385, 282 F.2d 943 (1960); National Bank of Washington v. Dixon, 112 U.S.App.D.C. 183, 301 F.2d 507 (1961); Garner v. Ritzenberg, D.C.Mun.App., 167 A.2d 353 (1961). The regulations were thus essential to appellant's theory that appellees had breached a duty of care. But the trial court refused to admit them into evidence on the ground that they had not been included in the pretrial order.

■ It is true that a trial court has a "justifiably large discretion in the conduct of a trial" and may exclude evidence because it is not referred to in the pretrial order. Gould v. DeBeve, 117 U.S.App.D. C. 360, 330 F.2d 826 (1964); McKey v. Fairbairn, 120 U.S.App.D.C. ——, 345 F.2d 739 (1965). This discretion is not abused when the court refuses to admit evidence which is "neither pertinent nor relevant," as in Gould, or which changes the theory of the case as in McKey. In the latter case the pretrial order stated that the plaintiff alleged a breach of a duty *owed under the lease*. But at the trial she attempted to introduce sections of the Housing Regulations in order to show *a statutory duty* on

the part of the landlord. Thus the court held that "the trial judge in this case did not abuse his 'justifiably large discretion' in refusing to permit appellant to change her theory during the trial." In the case at bar, however, no change of theory was involved since appellant was merely trying to introduce the Housing Regulations to support her allegations that appellees were negligent in failing to maintain the blind in a safe condition. Thus the trial court should have admitted them into evidence. See Morgan v. Garris, 113 U.S.App.D.C. 222, 307 F.2d 179 (1962); Johnson v. Geffen, 111 U.S.App.D.C. 1, 294 F.2d 197 (1960); Meadow Gold Products Co. v. Wright, 108 U.S.App.D.C. 33, 278 F.2d 867 (1960).

Furthermore, we note that although the regulations were not mentioned in the pretrial order, the court should have considered them even without their admission into evidence, as they are part of the law of the forum. When requested, a municipal court is required to take judicial notice of municipal ordinances and regulations, and the court erred in failing to do so. Tipp v. District of Columbia, 69 App. D.C. 400, 102 F.2d 264 (1939); Hecht Company v. District of Columbia, D.C.Mun. App., 139 A.2d 857 (1958); Dibble v. District of Columbia, D.C.Mun.App., 35 A.2d 825 (1944); 111 A.L.R. 959.

Appellees contend that even if the Housing Regulations were wrongfully excluded the judgment should be affirmed since appellant was contributorily negligent as a matter of law. However, as we stated in Hardy v. Hardy, D.C.App., 197 A.2d 923, 925 (1964), "[o]nly in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law." From our review of the record we cannot find that appellant was contributorily negligent as a matter of law and the judgment cannot be upheld on this ground.

Reversed and remanded for a new trial.