■ SHROID CONSTRUCTION, INC., Appellant, v JOSEPH DATTOMA, Respondent. [672 NYS2d 389] —In an action, inter alia, to recover damages for breach of a collective bargaining agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Turret, J.H.O.), dated November 21, 1996, which, upon a decision and order of this Court dated March 4,

1996, remitting the matter to the Supreme Court, Queens County, for the calculation of damages to which the plaintiff is entitled as the result of a work slowdown by the defendants, amended its prior order dated April 5, 1994, and determined that the defendants were not responsible for a work slowdown and that there was no award of damages to be calculated.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a calculation of damages to which the plaintiff is entitled as the result of the work slowdown, and for the entry of an appropriate judgment.

This is the second appeal resulting from litigation involving a construction project which was governed by a collective bargaining agreement. The plaintiff commenced this action against Joseph Dattoma as president of the International Union of Bricklayers and Allied Craftsmen (hereinafter the Union) to recover damages allegedly sustained when he incited Union members to violate the terms of the collective bargaining agreement. The plaintiff alleged that the defendant's conduct was intended to put economic pressure on the plaintiff to rehire a certain Union member who had been discharged from the project.

After a hearing, the Judicial Hearing Officer issued a "Decision, Findings of Fact and Conclusions of Law" dated February 22, 1994. In relevant part, that document read as follows (italicized portions had been inserted by hand):

"7. That on February 3, 1989, the [Union], through its constituent members, in retaliation for the discharge of [the Union member in question], commenced a work-stoppage at plaintiff's York College project site in contravention and breach of the Collective Bargaining Agreement in full force and effect between the parties hereto * * *

"9. That on February 8, 1989, [the Union's] constituent members returned to work at plaintiff's York College project site.

"10. That from February 8, 1989 through and including June 13, 1989, [the Union's] constituent members commenced a work slow-down at plaintiff's York College project site in retaliation for the discharge of [the Union member in question] by plaintiff.

"11. That the work slow-down by [the Union's] constituent members was designed to put economic pressure on plaintiff.

"12. That [the] Union local sanctioned the actions of its constituent members by refusing to direct them back to work

or to cease their work slow-down until such time as [the Union member in question] is rehired by plaintiff.

"13. That [the] Union local condoned the actions of its constituent members, and exhibited indifference to plaintiff's plight, by failing and refusing to take any actions or steps to direct its constituent members back to work or to cease their work slow-down.

"14. That as a direct and proximate result of the actions of [the] Union local, its constituent members and agents, plaintiff incurred additional costs and has suffered monetary damages.

"15. That as a direct and proximate result of the actions of [the] Union local, its constituent members and agents, plaintiff has suffered *actual* damages *on Feb 3, 6, and 7, 1989* in the amount of *$15,000.*"

The Supreme Court issued an order dated April 5, 1994, directing the entry of a judgment awarding the plaintiff $15,000 in damages. On appeal by the plaintiff, this Court modified the order by awarding the plaintiff an additional $414.12 in damages in accordance with the plaintiff's proof of actual damages resulting from the work stoppage (*see, Shroid Constr. v Dattoma,* 225 AD2d 538). We also found support for the Judicial Hearing Officer's finding that an improper work slowdown occurred, and concluded that the Judicial Hearing Officer erred in failing to award damages for the work slowdown. Consequently, the matter was remitted for a calculation of damages caused by the work slowdown.

Upon remittitur, the Judical Hearing Officer issued an order dated November 21, 1996, which reads, in relevant part, as follows: "It was not my intention by these findings of fact to rule that [the] Union acted improperly in any respect to the work slowdown. To the extent that those findings of fact can be construed to so find, they are in the interest of justice amended. I find no improper conduct by the union in connection with a work slowdown. It was my intention to find only improper conduct on the part of the union in respect to the three day work stoppage. Paragraph 15 of the findings of fact submitted by plaintiff was altered in my handwriting by striking damages proposed in the sum of $155,715.12 and inserting 'actual' damages 'on February 3, 6, and 7, 1989' in the amount of $15,000.00. It was for these damages only for work stoppage that I found Union liable."

The plaintiff now appeals from the order of November 21, 1996, on the ground, *inter alia,* that the Judicial Hearing Officer was without power to make a substantive change in his findings, particularly in light of our determination on the prior appeal. The plaintiff is correct.

In *Herpe v Herpe* (225 NY 323, 327), the Court of Appeals stated: "The rule has long been settled and inflexibly applied that the trial court has no revisory or appellate jurisdiction to correct by amendment error in substance affecting the judgment. It cannot, by amendment, change the judgment in matter of substance for error committed on the trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal * * * Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment."

This rule applies with equal force to the amendment of the decision of a Referee upon which judgment may be entered (*see, Corr v Hoffman,* 256 NY 254, 268). Once the Referee has issued a decision resolving the issues to be determined, the Referee's judicial authority is exhausted such that the Referee cannot thereafter reconsider and change the determination *sua sponte (see, Corr v Hoffman, supra; Saleh v Karp,* 13 AD2d 706; *Fudin v Fudin,* 7 AD2d 1021; *see also, Matter of Seamerlin Operating Co. [Searing-Merlino],* 307 NY 407, 416).

Here, the Judicial Hearing Officer originally determined that the defendant had sanctioned a work slowdown in violation of the collective bargaining agreement. The amendment upon remittitur to vacate the findings of fact regarding the slowdown cannot be viewed as a correction of a mere clerical error as it clearly affected a substantive aspect of the dispute between the parties (*see, Saleh v Karp, supra; Fudin v Fudin, supra*).

More significantly, this Court previously determined that there was support in the record for the original determination, and directed the Supreme Court to calculate the plaintiff's damages occasioned by the slowdown. In doing so, this Court rejected the defendant's argument that any damages flowing from the alleged slowdown were purely speculative. The defendant may not raise the same argument on this appeal. Our decision on the prior appeal constitutes the law of the case, and is thus binding not only on the Supreme Court but on this Court as well (*see, Martin v City of Cohoes,* 37 NY2d 162, 165; *People v Williams,* 188 AD2d 573; *Rohring v City of Niagara Falls,* 185 AD2d 685).

Under the circumstances, it was improper for the Judicial Hearing Officer to attempt to amend his findings after they

had been reviewed and affirmed on appeal. Accordingly, the order of November 21, 1996, is reversed and the matter is remitted once again for a calculation of damages resulting from the work slowdown, and the entry of an appropriate judgment. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.